1  Danning Jiang, Esq. (CA BAR No. 196985)
   LAW OFFICES OF DANNING JIANG
2  271 North First Street
   San Jose, California 95113
3  Tel.: (408) 299-0800
   Fax: (408) 299-0300
4  E-mail: Djiang@jianglawgroup.com
5
   Attorneys for Plaintiff
6  China Intl Travel Services (USA), Inc.
7                                          ADR
8
9              UNITED STATES DISTRICT COURT
10            NORTHERN DISTRICT OF CALIFORNIA
11              SAN FRANCISCO, CALIFORNIA
12
13 CHINA INTL TRAVEL SERVICES        )   CASE NO. _____
   (USA), INC.,                      )
14                                   )
            Plaintiff,               )   COMPLAINT FOR TRADEMARK
15                                   )   INFRINGEMENT, TRADE DRESS
   Vs.                               )   INFRINGEMENT, FALSE
16                                   )   DESIGNATION OF ORIGIN, AND
   CHINA & ASIA TRAVEL SERVICE,      )   UNFAIR COMPETITION
17 INC., D/B/A CHINA INTERNATIONAL   )
   TRAVEL SERVICE (USA), and DOES 1- )
18 10, inclusive,                    )   DEMAND FOR JURY TRIAL
                                     )
19                                   )
            Defendants.              )
20 _____)
21
22      Plaintiff, China Intl Travel Services (USA), Inc. ("Plaintiff"), by and through its
23 counsel, alleges as follows:
24                          INTRODUCTION
25      1.    This action seeks damages and injunctive relief to stop defendant China & Asia
26 Travel Service, Inc. ("Defendant") from infringing Plaintiff's trademark and trade dress, from
27 falsely designating of origin, and from unfairly competing with Plaintiff.  Unless Defendant is
28 enjoined from such further infringement activities and misappropriation of Plaintiff's goodwill,

Plaintiff will suffer ongoing and irreparable harm.

## THE PARTIES

2.     Plaintiff is a company organized under the laws of the state of California with its principal place of business in San Francisco, California.  Plaintiff is a travel agency, providing services including tour packages, travel reservation, lodge booking, and visa services.

3.     On information and belief, Defendant is a company organized under the laws of the state of California with its principal place of business located at 16 North Marengo Avenue, Suite 201, Pasadena, California 91101.  Defendant is also a travel agency, providing services including tour packages, travel reservation, lodge booking, and visa services.

## JURISDICTION AND VENUE

4.     Plaintiff's claims for trademark infringement, trade dress infringement, false designation of origin, and unfair competition arise under the Federal Lanham Act, for which jurisdiction is conferred under 28 U.S.C. § 1331, 28 U.S.C. § 1338(a) and (b), and 15 U.S.C. § 1121.  The Court has supplemental jurisdiction over all other claims under U.S.C. § 1367.

5.     Personal jurisdiction and venue is proper in this Court under 28 U.S.C. § 1391(a) and (b) because Defendant has sold products and/or services bearing the infringing trademark and trade dress and has committed infringing acts in this judicial district and a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district.

6.     Intradistrict assignment to any division under Civil L.R. 3-5(b) and 3-2(c) is proper because a substantial part of the alleged events and/or acts, occurred in one or more of the counties listed in Local Rule 3-2(d).

## PLAINTIFF'S INTELLECTUAL PROPERTY

7.     Established in March 2003, Plaintiff is a leading travel agency in the San Francisco-Bay Area.  Plaintiff's travel services focus on tours between mainland China and the United States.  As a result, Plaintiff has customers across the United States and mainland China.

8.     Plaintiff devotes significant resources in marketing its trade names and associated marks.  Prior to its inception, it had used the trade name and mark of "CITS", which

is the abbreviation of "China International Travel Services", and "中国国际旅行社", a Chinese phrase meaning "China International Travel Services".  Plaintiff filed its application for trademark registration under section 1A with the USPTO on April 3, 2003.  The mark "CITS®" and "中国国际旅行社®" were registered by the USPTO on July 19, 2005 (hereinafter "CITS®").  <u>Exhibit 1</u>.

9.      Also on April 3, 2003, Plaintiff filed its second trademark registration application under section 1B with USPTO on the mark of "USA CITS" and "中国国际旅行社", a Chinese phrase meaning "China International Travel Services".  USPTO has recently issued a notice of allowance and the application is currently pending for final approval (hereinafter "USA CITS").  <u>Exhibit 2</u>.

10.     Throughout the years, Plaintiff has been actively marketing its trade names and marks through its websites, brochures, flyers, luggage tags, badges, guide flags, gift calendars, and etc.  Plaintiff has also actively participated in tradeshows in China and the U.S. to promote its trade names and services.  In these trade shows, Plaintiff has presented show booth and distributed marketing materials, both bearing its trade names and marks.

11.     In connection with the trademarks of "CITS®" and "USA CITS", Plaintiff has adopted a globe design with three (3) arrows as its logo and general symbol to the public.  This distinctive combination of words and design (logo) has obtained a secondary meaning to the public.  When the public refers to the design, they refer to travel services provided by Plaintiff or the source of travel services from Plaintiff.  <u>Exhibit 3</u>.

**DEFENDANT'S MISAPPROPRIATION OF**

**PLAINTIFF'S INTELLECTUAL PROPERTY**

12.     Defendant engages in the same business as Plaintiff in also providing travel agency services for tourists between mainland China and the United States.

13.     In November 2004, Plaintiff participated in an international travel trade show in Shanghai, China as a foreign participant.  During the show, Plaintiff noticed that a domestic participant of China was using the business name of "中国国旅总社", which is the abbreviation of "China International Travel Head Quarter" ("Head Quarter").  There arose a

dispute between Plaintiff and the Head Quarter regarding the use of their respective trade names, "中国国际旅行社" and "中国国旅总社".

14.    In November 2006, Plaintiff participated in the international travel trade show in Shanghai, China for the second time.  The dispute between Plaintiff and the Head Quarter regarding the use of their respective trade names and marks was aggravated.  Plaintiff presented its trademark registration certificate issued by the USPTO and other official documents to the host of the trade show.  The host recommended that the dispute be resolved through legal proceedings between the parties.

15.    In 2007, Plaintiff received a report from one of its customers that another "中国国旅" or "China International Travel Service" in Los Angeles, California was providing the same travel services as Plaintiff did.  The customer was confused as to whether the Los Angeles business was part of Plaintiff's.

16.    Following the customer's report, Plaintiff identified that the Los Angeles business was operated by Defendant.  Plaintiff also located Defendant's website.  Defendant was incorporated under the name of "China & Asia Travel Service, Inc." and alleges to be  an U.S. subsidiary of the Head Quarter.  It uses the trade name of "CITS USA", which resembles Plaintiff's business trade names and marks of "CITS" and "USA CITS".  Plaintiff also found that Defendant used the mark of "CITS", which exactly resembles Plaintiff's registered trademark "CITS®".  Defendant also used the trade names and marks in its websites and marketing materials.  Exhibit 4.

17.    On November 18, 2007, Plaintiff's legal counsel sent a cease and decease letter to Defendant, which demands Defendant to remove the marks in both its marketing materials and website.  Exhibit 5.  Within approximately two (2) weeks of the letter, Defendant removed the "中国国际旅行社" mark from its website.  However, Defendant resumed the use of the mark on its website soon after it has been removed.

18.    Plaintiff is informed and believes that Defendant has copied Plaintiff's trademarks intentionally in order to capture and trade upon the goodwill and reputation of Plaintiff's trademarks, trade dress and other genuinely affiliated services.

1

2

## COUNT ONE – TRADEMARK INFRINGEMENT

## (15 U.S.C. § 1114 & § 1121)

3

4

19.    Plaintiff incorporates the allegations of paragraphs 1 - 18 as if each were fully set forth here.

5

6

7

8

9

20.    Plaintiff is the owner of the registered trademark of "CITS®".  Plaintiff has used the "CITS®" trademark as in commerce prior to its inception.  Plaintiff is also the owner of the trademark of "USA CITS", which is pending USPTO's approval for registration.  Plaintiff has used the "USA CITS" trademark in commerce shortly after its filing of the application with USPTO.

10

11

12

13

14

21.    Through extensive use, Plaintiff's trademarks have become distinctive as customers of the Plaintiff often refer Plaintiff's services as "CITS tour" or "tour booked with CITS".  When customers refer to "CITS" or "CITS USA", they refer to Plaintiff's travel agency services or the source of services the customers are using.  "CITS" or "USA CITS" do not serve as function of travel agency services.

15

16

17

18

19

20

21

22

23

22.    Defendant's trade name of "CITS USA" contains both "CITS" and "USA".  The name is likely to cause confusion with Plaintiff's trademarks of "CITS®" and "USA CITS".  Defendant has exactly copied Plaintiff's registered trademark of "CITS®" as its mark and such use is likely to cause confusion.  Defendant's trade name of "中国国际旅行社" contains the exact Chinese characters of Plaintiff's registered trademark of "中国国际旅行社®".  It is likely to cause confusion to the public.  The copying of Plaintiff's proprietary and distinctive trade names and marks constitutes trademark infringement under 15 U.S.C. § 1114 & § 1121 and unfair competition under the Federal Lanham Act, § 43(a), as amended, 15 U.S.C. § 1125(a).

24

25

26

27

23.    Because Defendant adopted Plaintiff's trademarks willfully and in bad faith in order to appropriate Plaintiff's goodwill, Plaintiff is entitled to compensatory damages in the form of actual damages, Defendant's profits resulting from the infringing acts, treble damages and an award of attorney's fees under 15 U.S.C. § 1117(a) and (b).

28

24.    The specific acts of trademark infringement identified above, as well as

Defendant's entire course of conduct, have caused and are causing Plaintiff great and incalculable damage. Defendant continues infringing Plaintiff's trademarks and, unless this Court restrains Defendant, Plaintiff will suffer irreparable injury for which it has no adequate remedy of law.

**COUNT TWO – TRADE DRESS INFRINGEMENT**

**(Lanham Act, § 43 (a), as amended, 15 U.S.C. § 1125 (a))**

25.    The allegations of paragraphs 1 - 24 are incorporated by reference as if each were fully set forth here.

26.    In the course of Plaintiff's business activities, Plaintiff has adopted a globe design with three (3) arrows. Such a design has been used in Plaintiff's marketing materials and websites. It becomes Plaintiff's trade dress, which is inherently distinctive and arbitrary.

27.    Through extensive use, Plaintiff's trade dress in its travel agency services has become secondarily associated by consumers with Plaintiff and its travel agency services between China and the United States. When its customers see the globe design, they refer to Plaintiff's services or the source of the services its customers are using. The trade dress does not serve as function of Plaintiff's services.

28.    Defendant's copying of Plaintiff's proprietary and distinctive trade dress constitutes trade dress infringement and unfair competition under the Federal Lanham Act, § 43 (a), as amended, 15 U.S.C. § 1125(a).

29.    Because Defendant adopted Plaintiff's trade dress willfully and in bad faith in order to appropriate Plaintiff's goodwill, Plaintiff is entitled to compensatory damages in the form of actual damages, Defendant's profits resulting from the infringing acts, treble damages and an award of attorney's fees under 15 U.S.C. § 1117(a) and (b).

30.    The specific acts of trade dress infringement identified above, as well as Defendant's entire course of conduct, have caused and are causing Plaintiff great and incalculable damage. Defendant continues infringing Plaintiff's trade dress and, unless this Court restrains Defendant, Plaintiff will suffer irreparable injury for which it has no adequate remedy of law.

### COUNT THREE – FALSE DESIGNATION OF ORIGIN

### (Lanham Act, § 43 (a), as amended, 15 U.S.C. § 1125(a))

31.     The allegations of paragraphs 1 - 30 are incorporated by reference as if each were fully set forth here.

32.     Defendant has, by placing the trade name of "CITS USA" and the mark of "CITS" on its websites and marketing materials, engaged in trademark infringement and trade dress infringement in violation of the Federal Lanham Act.  Consumers are confused as to Defendant's services with services from Plaintiff or the source of services.

33.     Defendant's conduct was made with the intent to deceive the consumers as to the source of services or falsely represent to consumers the source of its services to be from Plaintiff.  Defendant's infringements were intentional, willful and in bad faith.

34.     Defendant's trademark infringement and trade dress infringement have caused Plaintiff great damage and irreparable harm while simultaneously affording Defendant a competitive advantage.  Plaintiff is entitled to statutory and compensatory damages, as well as disgorgement of all incremental profits earned by Defendant on its infringing services.  Unless this Court restrains Defendant from committing further acts of infringement, Plaintiff will suffer further irreparable injury for which it has no adequate remedy of law.

### COUNT FOUR - UNFAIR COMPETITION

### (Lanham Act, § 43 (a), as amended, 15 U.S.C. § 1125(a))

35.     The allegations of paragraphs 1 - 34 are incorporated by reference as if each were fully set forth here.

36.     Defendant's willful and intentional acts were designed to appropriate Plaintiff's prestige and goodwill, including but without limitation to its copying and misappropriation of Plaintiff's trademarks and trade dress; its solicitation of businesses from customers who are confused of Defendant's travel services with Plaintiff's; and its misrepresentations to the public that the source of its services is from Plaintiff, are unlawful, unfair and deceptive in violation of the Federal Lanham Act, § 43 (a), as amended, 15 U.S.C. § 1125(a).

37.     Unless Defendant is restrained from its acts of unfair competition, it will cause

Plaintiff great and irreparable injury for which Plaintiff has no adequate remedy at law.

## COUNT FIVE - UNFAIR COMPETITION

### (Cal. B&P § 17200, *et seq.* and Common Law)

38.     The allegations of paragraphs 1 - 37 are incorporated by reference as if each were fully set forth here.

39.     Defendant's willful and intentional acts designed to appropriate Plaintiff's prestige and goodwill, including but without limitation to its copying and misappropriation of Plaintiff's trademarks and trade dress; its solicitation of businesses from customers who are confused Defendant's services with Plaintiff's; and its misrepresentations to the public that the source of its services is from Plaintiff, are unlawful, unfair and deceptive in violation of California Business & Professions Code § 17200, *et seq*. and common law.

40.     Unless Defendant is restrained from its acts of unfair competition, it will cause Plaintiff great and irreparable injury for which Plaintiff has no adequate remedy at law.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays that this Court grant its relief as follows:

1.     Order that Defendant, its parents, subsidiaries, affiliates, agents, servants, employees, and all persons acting under their permission and authority, be permanently enjoined and restrained from infringing, in any manner, Plaintiff's trademarks and trade dress, from falsely designating its origin, and from further unfairly competing with or infringing Plaintiff's rights, from otherwise damaging Plaintiff's goodwill or business reputation, and from continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

2.     Order that Defendant, its parents, subsidiaries, affiliates, agents, servants, employees, and all persons acting under their permission and authority, be permanently enjoined and restrained from directly or indirectly using or copying marketing materials bearing trademarks or trade dress which is likely to cause confusion, mistaken or to deceive with Plaintiff's trademarks or trade dress;

3.     Order that Defendant to cease manufacture, importation, use, sales and/or

distribution of products/services that lack of proper country of origin markings;

4.    Order that Defendant to cease otherwise competing unfairly with Plaintiff in any manner;

5.    Order that Defendant pay to Plaintiff its actual damages and lost profits in an amount to be proven at trial;

6.    Order Defendant to disgorge to Plaintiff its illicit profits and ill-gotten gains;

7.    Award Plaintiff treble damages;

8.    Find Defendant's trademark infringement and related improper actions to be willful and award Plaintiff the greater of either three times of Defendant's profits, three times any damages Plaintiff has sustained, or statutory damages, as appropriate to each of its claims, plus prejudgment interest;

9.    Order that Defendant to pay all of Plaintiff's costs of suit, including its reasonable attorneys' fees; and

10.   Award Plaintiff such other and further relief as is just and equitable.

Dated: March __5__, 2008                    **LAW OFFICES OF DANNING JIANG**


By:_____
DANNING JIANG, Esq.
Attorneys for Plaintiff
China Intl Travel Services (USA), Inc.

1

## DEMAND FOR JURY TRIAL

2    Plaintiff demands that this action be tried by a jury for all issues which are so triable.

3

4    Dated: March 5, 2008                    **LAW OFFICES OF DANNING JIANG**

5

6                                            By:_____
7                                            DANNING JIANG, Esq.
                                             Attorneys for Plaintiff,
8                                            China Intl Travel Services (USA), Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 1**



*The United States of America*

## CERTIFICATE OF REGISTRATION
### PRINCIPAL REGISTER

*The Mark shown in this certificate has been registered in the United States Patent and Trademark Office to the named registrant.*

*The records of the United States Patent and Trademark Office show that an application for registration of the Mark shown in this Certificate was filed in the Office; that the application was examined and determined to be in compliance with the requirements of the law and with the regulations prescribed by the Director of the United States Patent and Trademark Office; and that the Applicant is entitled to registration of the Mark under the Trademark Act of 1946, as Amended.*

*A copy of the Mark and pertinent data from the application are part of this certificate.*

***To avoid CANCELLATION of the registration, the owner of the registration must submit a declaration of continued use or excusable non-use between the fifth and sixth years after the registration date.*** *(See next page for more information.) Assuming such a declaration is properly filed, the registration will remain in force for ten (10) years, unless terminated by an order of the Commissioner for Trademarks or a federal court. (See next page for information on maintenance requirements for successive ten-year periods.)*



*Jon W. Dudas*

*Director of the United States Patent and Trademark Office*

Int. Cl.: 43

Prior U.S. Cls.: 100 and 101

## United States Patent and Trademark Office

Reg. No. 2,973,156
Registered July 19, 2005

## SERVICE MARK
### PRINCIPAL REGISTER



CHINA INT'L TRAVEL SERVICES(USA), INC.
    (CALIFORNIA CORPORATION)
P.O. BOX 16631
SAN FRANCISCO, CA 94116

FOR: TRAVEL AGENCY SERVICES, NAMELY, MAKING RESERVATIONS AND BOOKINGS FOR LODGING, IN CLASS 43 (U.S. CLS. 100 AND 101).

FIRST USE 3-1-2003; IN COMMERCE 3-1-2003.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE CHINA INTERNATIONAL TRAVEL SERVICES, APART FROM THE MARK AS SHOWN.

THE CHINESE CHARACTERS IN THE MARK TRANSLITERATE TO: "ZHONG GUO GUO JI LU XING SHE" WHICH MEANS: "CHINA INTERNATIONAL TRAVEL SERVICES.

SN 78-233,791, FILED 4-3-2003.

JOHN E. MICHOS, EXAMINING ATTORNEY

# REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION

## Requirements in the First Ten Years*
### What and When to File:

- First Filing: A Declaration of Continued Use (or Excusable Non-use), filed between the 5th and 6th years after the registration date. (*See* 15 U.S.C. §1058; 37 C.F.R. §2.161.)
- Second Filing: A Declaration of Continued Use (or Excusable Non-use) **and** an Application for Renewal, filed between the 9th and 10th years after the registration date. (*See* 15 U.S.C. §1058 and §1059; 37 C.F.R. §2.161 and 2.183.)

## Requirements in Successive Ten-Year Periods*
### What and When to File:

- A Declaration of Continued Use (or Excusable Non-use) **and** an Application for Renewal, filed between each 9th and 10th-year period after the date when the first ten-year period ends. (*See* 15 U.S.C. §1058 and §1059; 37 C.F.R. §2.161 and 2.183.)

## Grace Period Filings*

There is a six-month grace period for filing the documents listed above, with payment of an additional fee.

**The U.S. Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements. Therefore, you should contact the USPTO approximately one year prior to the deadlines set forth above to determine the requirements and fees for submission of the required filings.**
**NOTE:** *Electronic forms for the above documents, as well as information regarding current filing requirements and fees, are available online at the USPTO web site:*

### *www.uspto.gov*

---

### YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS IDENTIFIED ABOVE DURING THE SPECIFIED TIME PERIODS.

---

*Exception for the Extensions of Protection under the Madrid Protocol:
The holder of an international registration with an extension of protection to the United States must file, under slightly different time periods, a Declaration of Continued Use (or Excusable Non-use) at the USPTO. *See* 15 U.S.C. §1141k; 37 C.F.R. §7.36. The renewal of an international registration, however, must be filed at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol. *See* 15 U.S.C. §1141j; 37 C.F.R. §7.41.

**EXHIBIT 2**

**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Jan 30 04:08:49 EST 2008*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |

| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At: [         ]  OR  Jump  to record: [       ]    **Record 2 out of 32**

| TARR Status | ASSIGN Status | TDR | TTAB Status |  *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | USA CITS |
| **Translations** | The Chinese characters in the mark transliterate to: "Zhong Guo Guo Ji Lu Xing She" and this means "China International Travel Services" in English. |
| **Goods and Services** | IC 039. US 100 105. G & S: Travel agency services, making reservations and bookings for travel |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 01.07.07 - Astronomic orbits; Globes with rings or orbits<br>24.15.10 - Arrows, more than one; More than one arrow<br>24.15.25 - Other arrows<br>28.01.03 - Asian characters; Chinese characters; Japanese characters |
| **Serial Number** | 78233790 |
| **Filing Date** | April 3, 2003 |
| **Current Filing Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | May 29, 2007 |
| **Owner** | (APPLICANT) China Int'l Travel Services(USA), Inc. CORPORATION CALIFORNIA P.O. BOX 16631 San Francisco CALIFORNIA 94116 |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE The Chinese characters in the mark which transliterate to: "Zhong Guo Guo Ji Lu Xing She" and USA. APART FROM THE MARK AS SHOWN |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead** | |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST

FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

**EXHIBIT 3**





**EXHIBIT 4**

Case 3:08-cv-01293-JSW    Document 1    Filed 03/05/2008    Page 22 of 26

# CITS USA

Site Map | Privacy Policy | Terms & Conditions

**Home** | **Tour Packages** | **China Visa** | **Tour Modules** | **Related Services** | **Contact Us** | search

Hotel Information / Sit-in-Coach

## Shortest way to China - CITS USA

**Health Info**

**CITS HQ**

**Yangtze River**

**Passport Renewal**

**US Embassy**

**Currency Exchange**

**Weathers**

**Our Cruisers**

**Testimonial**

**Related Services**
China Visa
Air Tickets
Hotel Bookings
Yangtze Cruises

CITS USA, Inc.
16 North Marengo
Avenue, #201
Pasadena, CA 91101
Tel: 626-568-8993
Fax: 626-568-9207
Email:
info@citsusa.com



Money Transfer to
China



No longer than three decades ago when, China first opened its doors to the outside world, it was full of mysteries, charms and unknown. Today's China, though retains its awesome beauty, is full of hopes and opportunities - opportunities of all kinds, ushering a gold rush in a new ear. As the only USA branch of CITS Head Office, the leading and most prestigious tour company in China, we are here to pave your way to this familiar yet strange land for pleasure or business, with all of the following services and more: travel guidance, tour arrangements, information advice and other travel-related services. You name it, we'll be sure to help you.

**Beijing 2008 Olympic Game Pre - Tour**

Explore the country while with focusing your visit to Beijing 2008 Olympic Games.

**Train Tour Tibet 2008**

Adventure tour to Tibet on rail which transpasses the highest land on earth and exciting journey from Shangri-la to Lhasa.

**Tour Packages**

The state-of-art itineraries are created by our professionals in conjunctions to available transportation schedules and hotel blocking. No matter what type of package you select, our job is to realize your needs and plans.

**China Visa**

To have your passport is your number one priority before traveling. Check to ensure if your passport is suitable for the China travel plan; check the time of obtaining a China visa. If you are not sure, call the number to the left or email us with your questions. Our voicemail and email are checked regularly 24/7 and all your questions will be answered.

**Air & Train Reservation**

We offer following air / train services within China and China / Hong Kong. Transpacific Air reservation China - USA - China on:

- Air China (CA)
- China Southern Airline (CZ)
- Continental Airlines (CO)
- American Airline (AA)

CITS USA                                                    Email It | Privacy Policy | Contact Us

| Home | Tour Packages | China Visa | Tour Modules | Related Services | Contact Us |       search |

Privacy Policy / Terms & Conditions / Q & A's /

**US Embassy & Consulates in China**



| | |
|---|---|
| US Embassy of Beijing, China<br>Ambassador Clark T. Randt, Jr.<br>Xiu Shui Bei Jie 3, 100600<br>Tel: (86-10) 6532-3831<br>Fax: (86-10) 6532-2039<br>http://beijing.usembassy-china.org.cn/ | |
| The US Consulate General in Guangzhou<br>No. 1 Shamian Street South<br>Guangzhou 510133<br>Phone: 020-8121-8000<br>Fax: 020-8121-9001<br>http://www.usembassy-china.org.cn/guangzhou/ | The US Consulate General in Chengdu<br>No. 4 Lingshiguan Road<br>Chengdu, Sichuan, PRC 610041<br>Tel: (28) 8558-3992, 8558-9642 Fax: (28) 8558-3520<br>Email: consularchengdu@state.gov<br>http://www.usembassy-china.org.cn/chengdu/ |
| The US Consulate General in Shanghai<br>1469 Huai Hai Zhong Lu<br>Shanghai, P.R.C. 200031<br>Tel. (86-21) 6433 - 6880<br>Fax. (86-21)6433-4122<br>http://www.usembassy-china.org.cn/shanghai/ | The US Consulate General in Shenyang<br>52, 14th Wei Road, Heping District, 110003<br>PSC 461, Box 45, FPO AP 96521-0002<br>Tel [86] (24) 2322-0848<br>Duty Officer Tel 137-0988-9307<br>Fax 2322-2374; PAO Fax 2322-1505; FCS Fax 2322-2206<br>http://shenyang.usconsulate.gov/contact.html |



About Us | Site Map | Privacy Policy | Contact Us | © 2008 CITS USA, Inc. All rights reserveds.

**EXHIBIT 5**

# LAW OFFICES OF DAVID YAO

500 E. Calaveras Blvd., Suite 230
Milpitas, CA 95035

Telephone: 510-386-0088
Facsimile: 510-651-6607

November 18, 2007

*VIA CERTIFIED MAIL WITH RETURN RECEIPT*

Mr. Feng Li
China & Asia Travel Service, Inc.
16 North Marengo Avenue, Suite 201
Pasadena, CA 91101

**Re:** __Trademark Infringement__

Dear Mr. Li:

This letter is written on behalf of the China Int'l Travel Services (USA), Inc. ("CITSUSA") with respect to the above-referenced matter. Headquartered in San Francisco Bay Area, the CITSUSA is a California corporation in the principle business of travel related services.

The CITSUSA is the legal owner of United States Federal Trademark Registration No. 2973156 and other related registrations pertaining to the mark, that is, the trademark of CITS. The CITSUSA uses this trademark in the United States in conjunction with travel agency services, including but not limited to, making travel reservations and bookings for lodging. Its federal registration is currently in full effect under federal laws. A copy of the federal trademark registration certificate is attached for your reference.

We have recently learned that your company has used our registered trademark on your website (www.citsusa.com) and various other promotion documents and materials. The use of our trademark by your company is in violation of federal laws and regulations, and it is also an infringement of our legal rights in the trademark.

Based upon the foregoing, we hereby demand that your confirm to us in writing within fifteen (15) days of receipt of this letter that: (i) your company has removed our registered trademark from all of your company materials, including but not limited to, the website and other company documents; and (ii) you will refrain from using our trademark in the future. Otherwise, we can file a lawsuit against your company seeking preliminary and permanent injunctions, compensations and other money damages, etc.

The CITSUSA prefers to resolve this matter amicably without taking legal action, but it is prepared to file a lawsuit if necessary to protect its rights and business.

The foregoing is without waiver of any and all rights and claims of the CITSUSA, all of which are expressly reserved herein. We look forward to hearing from you soon. If you have any questions in this matter, please feel free to contact us. Thanks for your attention.

Very truly yours,

David Yao, Esq.
Attorney at Law

Enclosures