1  Robert F. McCauley (SBN: 162056)
   robert.mccauley@finnegan.com
2  Jin Zhang (SBN: 243880)
   jin.zhang@finnegan.com
3  FINNEGAN, HENDERSON, FARABOW,
       GARRETT & DUNNER, L.L.P.
4  3300 Hillview Ave
5  Palo Alto, CA 94304
   Telephone: (650) 849-6600
6  Facsimile: (650) 849-6666

7  Christopher P. Foley (not yet admitted *pro hac vice*)
8  Kenneth H. Leichter (not yet admitted *pro hac vice*)
   FINNEGAN, HENDERSON, FARABOW,
       GARRETT & DUNNER, L.L.P.
9  901 New York Avenue, NW
10 Washington, DC 20001-4413
   Telephone: (202) 408-4000
11 Facsimile: (202) 408-4400

12 Attorneys for Defendant
   CHINA & ASIA TRAVEL SERVICE, INC., D/B/A CHINA INTERNATIONAL TRAVEL
13 SERVICE (USA)

14                    UNITED STATES DISTRICT COURT

15                  NORTHERN DISTRICT OF CALIFORNIA

16                       (SAN FRANCISCO DIVISION)

17

18

19 | CHINA INTL TRAVEL SERVICES (USA),   |   CASE NO. 08-cv-01293 (MEJ)
   | INC.,                               |
20 |                                     |   **DEFENDANT CHINA
   |                     Plaintiff,      |   INTERNATIONAL TRAVEL SERVICE
21 |                                     |   (USA)'S NOTICE OF AND MOTION
   |          v.                         |   TO DISMISS OR, IN THE
22 |                                     |   ALTERNATIVE, FOR SUMMARY
   | CHINA & ASIA TRAVEL SERVICE, INC.,  |   JUDGMENT ON ALL COUNTS OF
23 | D/B/A CHINA INTERNATIONAL TRAVEL    |   PLAINTIFF'S COMPLAINT
   | SERVICE (USA), and DOES 1-10, inclusive, |
24 |                                     |   Hearing Date: May 8, 2008
   |                     Defendants.     |   Hearing Time: 10:00 a.m.
25 |                                     |   Courtroom B, 15th Floor

26

27

28

# TABLE OF CONTENTS

NOTICE OF MOTION..................................................................................................1

CONCISE STATEMENT OF RELIEF REQUESTED...........................................................1

MEMORANDUM OF POINTS AND AUTHORITIES .......................................................1

I.    INTRODUCTION ...........................................................................................1

II.   STATEMENT OF FACTS ................................................................................2

      A.    CITS USA's Business and Customers..................................................2

      B.    CITS USA's Intellectual Property .......................................................2

      C.    Plaintiff's Misappropriation of CITS USA's Intellectual Property .........4

III.  ARGUMENT ................................................................................................6

      A.    Legal Standards Governing Motions to Dismiss and Summary Judgment ............6

      B.    CITS USA Has Common Law Rights and Priority of Use in the CITS USA Name and Marks. ..................................................................7

            1.    The CITS USA Name and Marks are Distinctive........................................8

            2.    CITS USA Has Priority in the CITS USA Name and Marks ..................10

                  a.    Defendant Has Used the CITS Name and CITS GLOBE DESIGN in Commerce Since at Least as Early as 1992, and Has Used the CITS USA Name in Commerce Since at Least as Early as 1997...............................................10

            3.    Plaintiff's Federal Registration Cannot Defeat Defendants Prior Common Law Rights ...................................................11

            4.    Defendant's Prior Rights in the CITS USA Name and Marks Entitles It to Judgment as a Matter of Law On All Plaintiff's Claims ....................13

                  a.    CITS USA is Entitled to Judgment as a Matter of Law on Plaintiff's Federal Trademark Infringement, Trade Dress Infringement and Unfair Competition Claims ..............................13

            5.    CITS USA is Entitled to Judgment as a Matter of Law on Plaintiff's State Unfair Competition Under California Business and Professions Code § 17200 ...........................................15

IV.   CONCLUSION............................................................................................15

# TABLE OF AUTHORITIES

**CASES**

*Allard Enters., Inc. v. Advanced Programming Res., Inc.*,
249 F.3d 564 (6th Cir. 2001) ................................................................. 13

*Bell Atlantic Corp. v. Twombly*,
127 S. Ct. 1955 (2007) ...................................................................... 6

*Brookfield Commc'ns, Inc. v. West Coast Entm't Corp.*,
174 F.3d 1036 (9th Cir. 1999) ....................................................... 7, 8, 10

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1985) ......................................................................... 7

*Chance v. Pac-Tel Teletrac, Inc.*,
242 F.3d 1151,  (9th Cir. 2001) .......................................................... 7

*Cleary v. News Corp.*,
30 F.3d 1255 (9th Cir. 1994) ............................................................. 15

*Clegg v. Cult Awareness Network*,
18 F.3d 752 (9th Cir. 1994) ............................................................... 6

*Corporate Document Services, Inc. v. I.C.E.D. Management, Inc.*,
48 U.S.P.Q.2d 1477 (TTAB 1998) ....................................................... 7

*Dep't of Parks & Rec. v. Bazaar Del Mundo*, Inc.,
448 F.3d 1118 (9th Cir. 2006) ........................................................... 10

*Emergency One, Inc. v. American Fire Eagle Engine Co.*,
332 F.3d 264, at 267, n.1 (4th Cir. 2003) ............................................. 14

*Fabrication Enters., Inc. v. Hygenic Corp.*,
64 F.3d 53 n.9 (2d Cir. 1995) ........................................................... 14

*Filipino Yellow Pages, Inc. v. Asian Journal Publ'ns, Inc.*,
198 F.3d 1143 (9th Cir. 1999) ............................................................ 8

*Hornblower & Weeks, Inc. v. Hornblower and Weeks, Inc.*,
60 U.S.P.Q.2d 1733 (TTAB 2001) ....................................................... 7

*Johnny Blastoff, Inc. v. Los Angeles Rams Football Co.*,
188 F.3d 427 (7th Cir. 1999) ............................................................ 12

*Kampgrounds of America, Inc. v. North Delaware A-OK Campground*,
415 F. Supp. 1288 (D. Del. 1976) ......................................................... 8

*Kendall-Jackson Winery, Ltd. V. E. & J. Gallo Winery*,
   150 F.3d 1042 n.8 (9th Cir. 1998) ........................................................................ 8

*Marathus v. Video Duplication Services, Inc.*,
   3 F.3d 417 (Fed. Cir. 1993) ................................................................................. 8

*Marshak v. Treadwell*,
   240 F.3d 184 n.10 (3d Cir. 2001) ...................................................................... 12

*Mayer v. Wedgewood Neighborhood Coalition*,
   707 F.2d 1020 (9th Cir. 1983) ............................................................................. 7

*New West Enterprises, Inc. v. Gannett Co.*,
   595 F.2d 1050 (9th Cir. 1982) ............................................................................. 7

*North Star Int'l v. Arizona Corp. Comm'n*,
   720 F.2d 578 (9th Cir. 1983) ............................................................................... 6

*Papasan v. Allain*,
   478 U.S. 265 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) ..................................... 6

*PlaSmart, Inc. v. Wincell Int'l, Inc.*,
   442 F. Supp. 2d 53 (S.D.N.Y. 2006) ................................................................. 14

*Plus Prods. v. Natural Organics, Inc.*,
   223 U.S.P.Q. 27 (S.D.N.Y. 1984) ....................................................................... 9

*San Juan Products, Inc. v. San Juan Pools, Inc.*,
   849 F.2d 468 (10th Cir. 1988) ........................................................................... 12

*Scott Paper Co. v. Scott's Liquid Gold, Inc.*,
   589 F.2d 1225 (3d Cir. 1978) ............................................................................ 14

*Self-Realization Fellowship Church v. Ananda Church of Self-Realization*,
   59 F.3d 902 (9th Cir. 1995) ................................................................................. 8

*Sengoku Works Ltd. v. RMC Int'l, Ltd.*,
   96 F.3d 1217 (9th Cir. 1996) ............................................................................. 12

*Squirt Co. v. Tomy Corp.*,
   697 F.2d 1038 (Fed. Cir. 1983) ........................................................................... 9

*Surgicenters of Am., Inc. v. Med. Dental Surgeries*,
   Co., 601 F.2d 1011 (9th Cir. 1979) ..................................................................... 8

*Tie Tech, Inc. v. Kinedyne Corp.*,
   296 F.3d 778 (9th Cir. 2002) ............................................................................. 13

*United Drug Co. v. Theodore Rectanus Co.*,
   248 U.S. 90 (1918) ........................................................................................... 13

iii

*Vuitton et Fils S.A. v. J. Young Enters., Inc.*,
    644 F.2d 769 (9th Cir. 1981) ....................................................................... 12

*Walker & Zanger, Inc. v. Paragon Indus.*,
    465 F. Supp. 2d 956 (N.D. Cal. 2006) ........................................................ 15

*Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*,
    419 F.3d 925 (9th Cir. 2005) ......................................................................... 8

**STATUTES**

15 U.S.C. § 1051 ................................................................................................. 5

15 U.S.C. § 1115 ............................................................................................... 12

**OTHER AUTHORITIES**

J. Thomas McCarthy,
    *McCarthy on Trademarks and Unfair Competition*, § 16:4 (4th ed. 2006) .................. 7, 8, 11, 14

**REGULATIONS**

Fed. R. Civ. P. 12 ......................................................................................... v, 6

Fed. R. Civ. P. 56 ............................................................................................ 6

DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, FOR SUMMARY JUDGMENT

1

## NOTICE OF MOTION

2      TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:  PLEASE TAKE NOTICE

3   that on May 8, 2008, at 10:00 a.m., or as soon thereafter as counsel may be heard by the above-

4   entitled court, located at 450 Golden Gate Avenue, San Francisco, California, Courtroom B, 15th

5   Floor, Defendant China & Asia Travel Service, Inc., d/b/a China International Travel Service (USA)

6   ("CITS USA" or "Defendant") will and hereby does move the Court, pursuant to Fed. R. Civ. P.

7   12(b)(6), 12(c), and/or 56, to dismiss the Complaint filed by Plaintiff.

8      This motion is based on this Notice and supporting Memorandum of Points and Authorities,

9   the Supporting Declaration(s) of Frank Li and Virginia McNitt and all exhibits thereto, all opposition

10   and reply papers thereto, the argument of counsel, the Court's entire file, and any other evidence that

11   may presented at the hearing on this matter.

12

## CONCISE STATEMENT OF RELIEF REQUESTED

13      Defendant respectfully requests that the Court issue an order pursuant to Fed. R. Civ. P.

14   12(b)(1) and/or 12(c) dismissing Plaintiff's Complaint for failure to state a claim upon which relief

15   may be granted.  In the alternative, Defendant respectfully requests that this Court issue an order

16   pursuant to Fed. R. Civ. P. 56 dismissing Plaintiff's Complaint because there are no issues of

17   material fact and Defendant is entitled to judgment as a matter of law on all Plaintiff's claims.

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, FOR SUMMARY JUDGMENT

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.    INTRODUCTION**

3    Either through a misconception of the governing law or relevant facts, Plaintiff has filed a

4    Complaint that is wholly without merit.  Publicly available, incontrovertible evidence conclusively

5    establishes that it is Defendant CITS USA, and not Plaintiff, that owns the trademark, service mark,

6    and trade name rights in CITS, CITS USA, and the CITS GLOBE DESIGN.  In turn, it is Plaintiff

7    that has infringed Defendant's intellectual property rights by using an imitation of the distinctive

8    CITS GLOBE DESIGN and the confusingly similar names CITS and USA CITS, as well as

9    appropriating other names and identifiers Defendant has used for many years in the United States

10    since before Plaintiff even existed as a business.[1]  Plaintiff appears to base its entire case on the fact

11    that it received a federal registration for its imitation CITS GLOBE DESIGN in 2005 and has

12    another application pending for a similar CITS GLOBE DESIGN.  Plaintiff's position ignores a

13    fundamental precept of American trademark law that rights accrue through use, not registration.

14    Moreover, there are no contested material facts and no triable issues in this case.  Plaintiff's

15    trademark applications, which are required to be sworn, state that Plaintiff first used the applied-for

16    marks in March, 2003.  The Complaint offers no evidence of use prior to that time.   Significantly,

17    however, Defendant can establish that its use of the CITS and CITS USA names and the CITS

18    GLOBE DESIGN commenced long prior to that date. This simple and undeniable chronology,

19    which does not require any interpretation or exploration, establishes that Plaintiff's claims are

20    unsupportable as a matter of law.   This motion does not requires the Court to engage in the normally

21    fact intensive likelihood of confusion analysis that attends trademark infringement claims, and

22    dismissal or summary judgment is wholly appropriate.

23    The Court, either on the strength of the papers alone or in conjunction with the

24    accompanying declarations and evidence, should dismiss Plaintiff's Complaint in its entirety.

25

26

27    _____

28    [1] *See* Defendant's Answer, Defenses, and Counterclaims, filed concurrently with this Motion.

DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, FOR SUMMARY JUDGMENT

## II.    STATEMENT OF FACTS

### A.    CITS USA's Business and Customers

CITS USA's business has been well established in the United States for over sixteen years. It is a branch office and subsidiary of China International Travel Service Head Office ("CITS HO"). CITS HO is a Chinese corporation that was founded in 1954.  It is China's largest and most influential tourism company and is the top brand-name in China's tourism industry.  It has set up fourteen subsidiary companies in more than ten countries.  CITS HO has used the CITS name CITS GLOBE DESIGN since the 1950s.

CITS USA established its office in Los Angeles, CA, in December, 1991 and incorporated under the name China & Asia Travel Service, Inc.  It registered "China International Travel Service Headquarters (USA)" as a "doing business as" name in California in 1992 and registered "China International Travel Service (USA)" as a "doing business as" name in California in 1997 and has renewed that name in 2002 and 2007 respectively.  (*See* Declaration of Frank Li ("Li Decl.") Exs. A-B.)  Naturally, it began using the CITS name and CITS GLOBE DESIGN that had been made famous by its parent company in China.

CITS USA is a full service travel agency and tourism business.  It offers flight and hotel bookings, visa services, and tour packages for American tourists visiting China.   It has advertised extensively and has operated a website located at www.citsusa.com since 1998.  CITS USA has customers from all over the country, and has used the CITS name and CITS GLOBE DESIGN in extensive advertising and promotion to attract a loyal, national customer base.

CITS USA has been accredited by the Airlines Reporting Corporation since 1993 and the International Airlines Travel Agent Network since 1994.  (*See* Li Decl., Ex. G-H.)  It has been a member of the United States Tour Operators Association since 1999, (*See* Li Decl., Ex. I.), and has a been preferred visa services provider for The Consulate General of The People's Republic of China in Los Angeles. (*See* Li Decl., Ex. J.)

### B.    CITS USA's Intellectual Property

Contrary to the representations made in Plaintiff's Complaint, it is CITS USA that owns all right, title, and interest in the common law trademarks, services marks, and trade names CITS, CITS

DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

USA, and the CITS GLOBE DESIGN (the "CITS USA Name and Marks") for travel agency services, including tour packages, visa services, flight and hotel bookings, and bus tours.  CITS USA has made trademark use of the name CITS to identify its business and services, and has used the CITS GLOBE DESIGN as its logo, since its inception.  CITS USA has made trademark use of the mark CITS USA for years as well.

CITS USA uses two versions of the CITS GLOBE DESIGN.  Both include the globe design with three arrows pointing right, with the name CITS above the arrows.  The original mark has seven Chinese characters above CITS:



This mark was first used by CITS USA in commerce in the United States in 1992, and has been used continuously since that time.  (*See infra* Section III.B.2).  For instance, Defendant used the seven character CITS GLOBE DESIGN for its travel services on the company's letterhead at least as early as March 20, 1992 (*See* Li Decl., ¶4, Ex. C, E), and placed an advertisement which featured the seven character mark in the New York Times in 1993.  (*See* Li Decl., Ex. F).

Since 1998, CITS USA has maintained a travel website aimed at American customers at http://www.citsusa.com, that has consistently featured the CITS USA Name and Marks to offer and promote Defendant's services.  (*See infra* Section III.B.2).  That cite now prominently displays a version of the mark having four Chinese characters above CITS.  (*See* Declaration of Virginia McNitt ("McNitt Decl."), Ex. A.)  CITS USA hosts other English language websites, such as http://www.cits.cn/en/index.htm and http://www.cits.net, that also display the mark with four Chinese characters:



The seven Chinese characters and four Chinese characters used in the CITS GLOBE DESIGN mean the same thing; namely, "China International Travel Services."  In other words, both

1    the four and seven character terms correspond to the words identified by the acronym CITS.  Their

2    meaning is identical.

3        CITS USA's prior rights in the CITS USA Name and Marks are demonstrated in additional

4    ways.  For instance, CITS USA has successfully asserted its rights in the CITS GLOBE DESIGN.

5    In 1992, CITS USA sent a cease-and-desist letter to Grand Pacific Tours Int'l Co. ("Grand Pacific"),

6    a company using an imitation of the CITS GLOBE DESIGN.  (*See* Li Decl., Ex. D.)  In the letter,

7    CITS USA demanded that Grand Pacific cease and desist from using the CITS logo or holding

8    themselves out as an overseas office of CITS HO.  Grand Pacific replied ten days later and stated

9    that they had ceased using the name and logo of CITS USA in the United States.

10        **C.    Plaintiff's Misappropriation of CITS USA's Intellectual Property**

11        Against this backdrop of long, continuous, and successful use of the CITS USA Name and

12    Marks by CITS USA, Plaintiff's Complaint reveals that it was established in 2003.  (*See* Plaintiff's

13    Complaint, ¶ 7).  While CITS USA does not know the details of Counterclaim Defendant's business,

14    the Complaint confirms that Plaintiff and Defendant are competitors in the tourism industry.  It is

15    CITS USA's understanding that Plaintiff focuses its business on serving Chinese tourists visiting the

16    United States.  Given the above-mentioned fame of the CITS name and logo in China, it appears

17    Plaintiff has been capitalizing on the CITS name both here and abroad.[2]

18        Apparently, almost immediately upon establishing its business, Plaintiff began

19    misappropriating CITS USA and CITS HO's intellectual property.  In 2003, Plaintiff applied to

20    register two essentially identical imitations of the CITS GLOBE DESIGN.  Despite its clear

21    knowledge of CITS USA and CITS HO's use of the GLOBE DESIGN, Plaintiff swore that as of the

22    time of filing, it was the owner of the mark and that "no other person had the right to use the applied

23    for mark in commerce, either in the identical form or in such near resemblance as to be likely, when

24    applied to the goods or services of any other person, to cause confusion or mistake, or to deceive,"

25    which is required to register a mark.  *See* 37 CFR 2.33.  Because of this misrepresentation, Plaintiff

26    was granted U.S. Registration No. 2,973,156 for the mark shown below for "travel agency services,

27
_____

28        [2] CITS HO has filed an action in China alleging that Plaintiff in this case has infringed CITS HO's intellectual property in the CITS GLOBE DESIGN and other marks in China.

DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, FOR SUMMARY JUDGMENT

namely, making reservations and bookings for lodgings," with a first claimed use date of March 1, 2003. This registration issued from Application Serial No. 78/233,791, filed under Section 1(b), 15 U.S.C. § 1051(b), on April 3, 2003.



Plaintiff filed another intent to use Application Serial No. 78/233,790 on the same day, for the mark shown below that also is nearly identical to CITS USA's CITS GLOBE DESIGN logo, which includes the text "USA" above the CITS lettering and below the Chinese characters.



Clearly, Plaintiff copied the distinctive globe-and-arrow motif of Defendant's CITS GLOBE DESIGN, and appropriated the name "China Int'l Travel Services (USA)," which it used in its applications, with knowledge of CITS USA's and CITS HO's prior use of the logo and after CITS USA registered "China International Travel Service (USA)" as its "doing business as" name in California.

Plaintiff has registered the domain name www.usacits.com, on which it uses the imitation CITS GLOBE DESIGN. (*See* Exhibit 4 to Plaintiff's Complaint). Plaintiff has taken additional actions to falsely associate itself with Defendant and CITS HO, such as describing itself as "an oversea branch of a large Chinese travel enterprise" on its website at http://www.usacits.com/china_EN/about.htm. (*See* McNitt Decl., Ex B.), a clear allusion to CITS HO.

Notably, Plaintiff's Complaint never specifically alleges that it used its purported marks prior to the allegedly infringing use by CITS USA. Plaintiff cannot truthfully alleges this because, as noted above, CITS USA has been an established and well-known business in California and throughout the country for over sixteen years. The only explanation for Plaintiff's actions is a desire

1  to exploit the goodwill that CITS USA has developed in the American tourism market, along with

2  the goodwill that CITS HO has garnered in China.

3  **III.     ARGUMENT**

4         **A.     Legal Standards Governing Motions to Dismiss and Summary Judgment**

5         Dismissal is appropriate under Rule 12(b)(6) when a plaintiff's allegations fail to state a

6  claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  The purpose of a motion to

7  dismiss for failure to state a claim is to test the legal sufficiency of the allegations in the complaint.

8  *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  To survive a 12(b)(6)

9  motion, the complaint's "[f]actual allegations must be enough to raise a right to relief above the

10  speculative level . . . ."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).  The court is

11  not required to accept legal conclusions cast in the form of factual allegations, if those conclusions

12  cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752,

13  754-55 (9th Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

14         A motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil

15  Procedure is the proper means to challenge the sufficiency of a complaint, or claims therein, after the

16  filing of an answer.   The standard by which a district court must determine Rule 12(c) motions is the

17  same as that applied pursuant to Fed. R. Civ. P. 12(b)(6).  "A district court will render a judgment on

18  the pleadings when the moving party clearly establishes on the face of the pleadings that no material

19  issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."  *Enron Oil*

20  *Trading & Transp. Co. v. Walbrook Ins. Co.*, 132 F.3d 526, 629 (9th Cir. 1997) (citation omitted);

21  *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (motion to dismiss is

22  proper where complaint reflects either the lack of a cognizable legal theory or the absence of

23  sufficient facts to support a cognizable claim).  Although a court applying Fed. R. Civ. P. 12(c) must

24  presume the truth of the factual allegations asserted and draw all reasonable inferences in favor of

25  the non-moving party, a court is not required to accept conclusory allegations of law and

26  unwarranted inferences of fact.  *See Clegg*, 18 F.3d at 754-55.

27         In the alternative, summary judgment is appropriate where there is no genuine issue as to any

28  material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, FOR SUMMARY JUDGMENT

1    *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1985).  "A motion under Federal Rule of Civil

2    Procedure 12(b)(6) or 12(c) may be treated as a motion for summary judgment only if the court

3    affords all parties reasonable notice." *Mayer v. Wedgewood Neighborhood Coalition*, 707 F.2d 1020,

4    1021 (9th Cir. 1983) (per curiam).  And, in that respect, it is important to note that the question of

5    priority, which is what Plaintiff has put at issue, can be properly resolved on summary judgment.

6    *See Hornblower & Weeks, Inc. v. Hornblower and Weeks, Inc.*, 60 U.S.P.Q.2d 1733 (TTAB 2001);

7    *Corporate Document Services, Inc. v. I.C.E.D. Management, Inc.*, 48 U.S.P.Q.2d 1477 (TTAB

8    1998).

9         Under any of these standards, Plaintiff's claims fail as a matter of law.  Plaintiff's Complaint

10   alleges that its intellectual property is infringed by Defendant's use of CITS, CITS USA, and the

11   CITS GLOBE DESIGN with seven or four Chinese characters.  As explained below, Plaintiff's

12   Complaint must be dismissed because CITS USA is the owner of the allegedly infringing marks,

13   thus Plaintiff cannot prove any its infringement claims.  By definition, Defendant's use of marks it

14   legally owns cannot be wrongful, and Plaintiff's claims are therefore baseless.

15       **B.**    **CITS USA Has Common Law Rights and Priority of Use in the CITS USA Name and Marks.**

16

17        To demonstrate its common law rights in CITS, CITS USA, and the CITS GLOBE DESIGN,

18   Defendant must show distinctiveness and priority of use.  *See* 2 J. Thomas McCarthy, *McCarthy on*

19   *Trademarks and Unfair Competition*, § 16:4 (4th ed. 2006) ("The cases are legion to the effect that

20   for inherently distinctive marks, ownership is governed by priority of use") (citing, *inter alia*,

21   *Brookfield Commc'ns, Inc. v. West Coast Entm't Corp.*, 174 F.3d 1036, 1047 (9th Cir. 1999) ("It is

22   axiomatic in trademark law that the standard test of ownership is priority of use.")).[3]

23

24       [3] The analysis of these issues is the same whether Defendant's marks are cast as trademarks,
25   service marks, or trade names.  The Ninth Circuit has held, "[t]rade name infringement . . . is based
     on considerations similar to trademark infringement" and both "preclude one from using another's
26   distinctive mark or name if it will cause a likelihood of confusion or deception as to the origin of the
     goods." *New West Enterprises, Inc. v. NYM Co.*, 595 F.2d 1194, 1201 (9th Cir. 1979).  Similarly,
27   "service marks and trademarks are governed by identical standards and thus like with trademarks,
     common law rights are acquired in a service mark by adopting and using the mark in connection
28   with services rendered."  *Chance v. Pac-Tel Teletrac, Inc.*, 242 F.3d 1151, 1156 (9th Cir. 2001)
     (citations omitted).

DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, FOR SUMMARY JUDGMENT

1

### 1.     The CITS USA Name and Marks are Distinctive

2          The Ninth Circuit recognizes four categories of marks in determining trademark protection:

3    1) generic; 2) descriptive; 3) suggestive; and 4) arbitrary or fanciful.  *See Filipino Yellow Pages, Inc.*

4    *v. Asian Journal Publ'ns, Inc.*, 198 F.3d 1143, 1146 (9th Cir. 1999) (citing *Surgicenters of Am., Inc.*

5    *v. Med. Dental Surgeries, Co.*, 601 F.2d 1011, 1014 (9th Cir. 1979)).  CITS, CITS USA, and the

6    CITS GLOBE DESIGN are arbitrary or suggestive, and thus "deemed inherently distinctive and . . .

7    automatically entitled to protection because they naturally serve to identify a particular source of a

8    product."  *Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 927 (9th

9    Cir. 2005) (citation omitted).

10         The CITS GLOBE DESIGN is at least suggestive.  A suggestive mark is one that "requires a

11   mental leap from the mark to the product."  *Brookfield Commc'ns*, 174 F.3d at 1046. "If the mental

12   leap between the word and the product's attribute is not almost instantaneous, this strongly indicates

13   suggestiveness, not direct descriptiveness."  *Self-Realization Fellowship Church v. Ananda Church*

14   *of Self-Realization*, 59 F.3d 902, 911 (9th Cir. 1995) (citation omitted).  The globe-and-arrow motif

15   used in the CITS GLOBE DESIGN suggests travel, but does not immediately convey that the

16   business it identifies is a travel agency, therefore "a consumer must use imagination or … multistage

17   reasoning to understand the mark's significance . . ."  *Kendall-Jackson Winery, Ltd. V. E. & J. Gallo*

18   *Winery*, 150 F.3d 1042, 1047 n.8 (9th Cir. 1998)

19         The CITS name itself is an acronym for China International Travel Services.  Acronyms of

20   full business names are commonly protected as trademarks.  *See Marathus v. Video Duplication*

21   *Services, Inc.*, 3 F.3d 417, 423 (Fed. Cir. 1993) ("An acronym or abbreviation made up of the first

22   letters of the words in the name of a business may have trade name or service mark significance."); 1

23   *McCarthy* at § 7:18 ("In common use are acronyms or abbreviations made up of the first letters of a

24   corporate or business name, such as I.B.M. or N.B.C.  Such company abbreviations have often been

25   protected as marks").

26         The decision in *Kampgrounds of America, Inc. v. North Delaware A-OK Campground*, 415

27   F. Supp. 1288 (D. Del. 1976) is instructive.  In that case, the plaintiff sued for trademark

28   infringement based on its marks KOA and KOA incorporated into a teepee logo.  The defendant

argued that the name "Kampgrounds of America" was descriptive and a weak mark.  The district

court made clear that:

> 'Kampgrounds of America' is not in issue in this suit.  Plaintiff has never alleged infringement of this mark.  If it were apparent, however, from the manner in which the KOA mark or the KOA mark and logo were displayed that KOA did indeed stand for Kampgrounds of America (for example, if the KOA mark always appeared alongside of the name Kampgrounds of America), then I might be more convinced by defendant's arguments.  But this is a case where the KOA mark and KOA mark and logo are frequently displayed independently of the full name and it is this display which plaintiff claims is infringed by defendant's use of A--OK.

> Therefore, examining the KOA mark and KOA mark and logo on this independent basis, it appears to me that these marks rather than being descriptive are more in the nature of arbitrary or fanciful combinations of letters and signs which constitute strong marks.  Certainly KOA alone is not a 'meaningful word in common usage'; nor does it describe the services being offered.  And the tepee logo, although it is representative of a commonly known object, would not ordinarily be associated in the minds of campground users with campground facilities.

*Id.* at 1291-92 (footnotes omitted).

Here, Plaintiff has not alleged infringement of the full phrase "China International/Int'l

Travel Services," and CITS USA has often used the CITS moniker apart from the full name for

which the acronym stands, most often in conjunction with the globe logo.  Therefore, the CITS and

CITS USA names are protectable irrespective of the protectability of the underlying phrase.

Moreover, by instituting this litigation and by filing two federal trademark applications for

CITS-formative marks, Plaintiff has acknowledged that CITS is inherently protectable.  *See Squirt*

*Co. v. Tomy Corp.*, 697 F.2d 1038, 1043 (Fed. Cir. 1983) ("Tomy cannot, on the one hand, assert

that SQUIRT SQUAD is not descriptive of its goods, which it must do in order to entitle it to

registration on the Principal Register, and when opposed, assert that the opposer is interfering with

ordinary language usage.  This position is wholly inconsistent with the fact of Tomy's application.");

*Plus Prods. v. Natural Organics, Inc.*, 223 U.S.P.Q. 27, 29 (S.D.N.Y. 1984) ("Defendant sought to

register NATURE'S PLUS as a trademark.  It cannot now argue that the term is merely

descriptive.").

DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, FOR SUMMARY JUDGMENT

1

### 2.    CITS USA Has Priority in the CITS USA Name and Marks

2    CITS USA has used the CITS USA Name and Marks in commerce since long prior to (1) the

3    April 3, 2003 filing date of Plaintiff's trademark applications; (2) Plaintiff's first use of the marks in

4    interstate commerce anywhere in the United States (which, according to its applications, was March,

5    2003); and (3) any other use Plaintiff may be claiming in its Complaint.

6    To demonstrate priority of use, Defendant must prove "(1) that it actually adopted and used

7    the marks in commerce prior to [the opposing party's] registration in such a manner that sufficiently

8    associated the marks with the [Defendant's] provision of [travel agency services], and (2) that its use

9    of the marks was continuous and not interrupted."  *Dep't of Parks & Rec. v. Bazaar Del Mundo*, Inc.,

10    448 F.3d 1118, 1125-26 (9th Cir. 2006) (citations omitted).

11
### a.    Defendant Has Used the CITS Name and CITS GLOBE DESIGN in Commerce Since at Least as Early as 1992, and Has Used the
12    CITS USA Name in Commerce Since at Least as Early as 1997

13    The evidence attached to the Li and McNitt Declarations supporting this motion, as well as

14    the allegations and exhibits of the Answer and Counterclaims, establishes CITS USA's long and

15    continuous use of the CITS USA Name and Marks in a manner "sufficiently public to identify or

16    distinguish the marked goods in an appropriate segment of the public mind as those of the adopter of

17    the mark."  *Brookfield Commc'ns,* 174 F.3d at 1052 (citation omitted).   It has used the CITS

18    GLOBE DESIGN on its letterhead since 1992 and continuously to the present, including in

19    communication with customers.  (*See* Li Decl., ¶4, Ex. C, E).  It placed an advertisement which

20    featured the CITS GLOBE DESIGN in the New York Times in 1993, (*See* Li Decl., Ex. F.), and has

21    advertised in other media.  CITS USA has used the CITS USA name since at least as early as 1997.[4]

22    (*See* Li Decl., ¶3.)

23    Since establishing its website, www.citsusa.com, in 1998, CITS USA has used the CITS

24    USA Name and Marks prominently on its home page to identify its services.  Independently

25    maintained Internet evidence provides a useful timeline of these uses.  Archive.org is an independent

26    ───────────────

27    [4] The addition of "USA" to the CITS mark likely does not affect the protectability of the base
CITS mark, but as Plaintiff claims infringement based on CITS USA's use of this mark, CITS USA
28    will demonstrate its priority in this mark as well.

DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, FOR SUMMARY JUDGMENT

digital library of internet sites that allows the public to visit archived versions of websites  (*See* McNitt Decl., ¶5, Ex. C.).  A search of the archives for www.citsusa.com reveals the long and consistent use by Defendant of the CITS USA Name and Marks on that site.  Exhibit D to the McNitt Declaration is a summary of the search results for Defendant's www.citsusa.com site from 1998 to the present.  Exhibits E through N are representative versions of the results reflected in that summary, showing  CITS USA's home page during each year from 1998 to the present.  These Exhibits show that the home page of www.citsusa.com has consistently and continuously featured the CITS USA Name and Marks from 1998 to the present to offer and promote Defendant's services to the public nationwide.  (*See* McNitt Decl., Exs. E-N.).  This unimpeachable evidence conclusively establishes CITS USA's priority in the accused marks.

**3.    Plaintiff's Federal Registration Cannot Defeat Defendants Prior Common Law Rights**

Given the clear priority of Defendant's use of the CITS Name and Marks, Plaintiff's Complaint verges on the inexplicable.  The only apparent explanation for Plaintiff's assertion of rights is the federal registration and pending federal application Plaintiff has for its imitation CITS GLOBE DESIGN marks.

Plaintiff appears to consider its trademark registration as conclusive of its rights in the CITS GLOBE DESIGN, as well as the CITS name itself.  If so, Plaintiff is laboring under a misapprehension of the law.  As explained by leading trademark commentator Professor McCarthy:

> While federal registration is encouraged, non-registration does not impact on existing state or federal common law rights in a mark.
>
> * * *
>
> [I]t is not registration, but only actual use of a designation as a mark that creates rights and priority over others.  The United States, unlike many  Civil Law nations, has a rule of priority that is based on first-to-use, not first-to-register.  Neither application for nor registration of a mark at the federal level wipes out the prior non-registered, common law rights of others. The non-registered rights of a senior user continue and are not trumped by the later federal registration of a junior user.

1  3 *McCarthy* at § 19:3.[5]

2        Indeed, this rule is clearly set forth in the text of the Lanham Act itself.  Section 1057(c)

3  provides that the filing of an application for federal registration confers a right of priority "against

4  any other person *except for a person… who, prior to such filing… has used the mark.*"  15 U.S.C.

5  § 1057(c) (emphasis added).

6        While the Lanham Act provides that a trademark registration is "prima facie evidence of the

7  validity of the registered mark and … of the registrant's exclusive right to use the registered mark,"

8  15 U.S.C. § 1115(a), in an infringement action, a trademark registration only "shifts the burden of

9  proof from the plaintiff, who would have to establish his right to exclusive use in a common law

10  infringement action, to the defendant, who must introduce sufficient evidence to rebut the

11  presumption of plaintiff's right to such protected use."  *Vuitton et Fils S.A. v. J. Young Enters., Inc.*,

12  644 F.2d 769, 775 (9th Cir. 1981).

13        CITS USA clearly meets this burden.  The presumption of validity may be rebutted "by

14  showing that the registrant had not established valid ownership rights in the mark at the time of

15  registration"; that is, "if [CITS USA] can show that [it] used the mark in commerce first, then the

16  registration may be invalidated." *Sengoku Works Ltd. v. RMC Int'l, Ltd.*, 96 F.3d 1217, 1220 (9th

17  Cir. 1996); *see also Johnny Blastoff, Inc. v. Los Angeles Rams Football Co.*, 188 F.3d 427, 435 (7th

18  Cir. 1999) ("[A] trademark application is always subject to previously established common

19  trademark rights of another party"); *Marshak v. Treadwell*, 240 F.3d 184, 198 n.10 (3d Cir. 2001)

20  ("Even if a junior user's mark has attained incontestable status, such status does not cut off the rights

21  of a senior user."); *Allard Enters., Inc. v. Advanced Programming Res., Inc.*, 249 F.3d 564, 572 (6th

22

23  ───────────────

24        [5]  *See also In re ECCS Inc.*, 94 F.3d 1578, 1579 (Fed. Cir. 1996) ("the most fundamental aspect of United States trademark law [is] that trademark ownership and attendant rights are

25  acquired in the marketplace by use and that the statute, popularly known as the Lanham Act, aside from modern 'intent to use' law . . . provides only for registration of existing marks."); *San Juan*

26  *Products, Inc. v. San Juan Pools, Inc.*, 849 F.2d 468, 474 (10th Cir. 1988) (explaining that "unlike the registration of a patent, a trademark registration of itself *does not create the underlying right to*

27  *exclude*.  Nor is a trademark created by registration. While federal registration triggers certain substantive and procedural rights, the absence of federal registration does not unleash the mark to

28  public use. The Lanham Act protects unregistered marks as does the common law.") (citations omitted) (emphasis in original).

DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, FOR SUMMARY JUDGMENT

1    Cir. 2001) ("Federal registration of a trademark or service mark cannot create rights and priority

2    over others who have previously used the mark in commerce . . .").

3          The evidence cited above shows that CITS USA used the accused marks in commerce first.

4    Once the presumption of validity is overcome, a registration is merely evidence of registration,

5    nothing more. *Tie Tech*, *Inc. v. Kinedyne Corp.*, 296 F.3d 778, 783 (9th Cir. 2002). Defendant's

6    clear priority of rights in the CITS GLOBE DESIGN renders Plaintiff's registration invalid and

7    inconsequential for purposes of this action.[6]

8              **4.    Defendant's Prior Rights in the CITS USA Name and Marks Entitles It
                       to Judgment as a Matter of Law On All Plaintiff's Claims**

9

10         There is no dispute in this case that the parties' marks and names are likely to be confused by

11   consumers and that the parties are direct competitors. The only issue then is which party has

12   priority. For the reasons explained above, Defendant has demonstrated its priority and ownership of

13   the allegedly infringing marks through clear and conclusive evidence. Therefore, Plaintiff's claims

     cannot be successful as a matter of law.

14

15             **a.    CITS USA is Entitled to Judgment as a Matter of Law on
                       Plaintiff's Federal Trademark Infringement, Trade Dress
                       Infringement and Unfair Competition Claims**

16

17         Where a Defendant shows priority of use and common law rights in the allegedly infringing

18   marks, a Plaintiff cannot succeed on its claim for trademark infringement. *See United Drug Co. v.*

19   *Theodore Rectanus Co.*, 248 U.S. 90, 110 (1918) ("Undoubtedly, the general rule is that, as between

20   conflicting claimants to the right to use the same mark, priority of appropriation determines the

     question.").

21         Relying on case law from the Supreme Court, the Ninth Circuit, and the Sixth Circuit, the

22   Fourth Circuit has helpfully summarized the law:

23         To acquire ownership of a trademark it is not enough to have invented the mark first or even
24         to have registered it first; the party claiming ownership must have been the first to actually
           use the mark in the sale of goods or services." The owner of a mark acquires "both the right
25

26   _____

27       [6] Indeed, prior to being served with this lawsuit, Defendant filed a Petition to Cancel
     Plaintiff's Registration No. 2,973,156 in the U.S. Patent and Trademark Office. Defendant plans to
28   move to voluntarily suspend that proceeding while this action is pending.

DEFENDANT'S MOTION TO DISMISS OR, IN THE
                                              ALTERNATIVE, FOR SUMMARY JUDGMENT

1    to use a particular mark and the right to prevent others from using the same or a confusingly
2    similar mark."  Accordingly, trademark ownership confers an exclusive right to use the mark.

3    * * *

4    Federal registration of a mark does not establish ownership rights in the mark; rights in a
5    registered mark are acquired through actual use, just as for unregistered marks.

*Emergency One, Inc. v. Am. Fire Eagle Engine Co.*, 332 F.3d 264, at 267, n.1 (4th Cir. 2003)

(citations omitted).

As CITS USA was entitled to the exclusive use of its CITS USA Name and Marks upon its

acquisition of common law ownership in the early 90s, it clearly cannot have infringed any

intellectual property rights purportedly held by Plaintiff.  *Scott Paper Co. v. Scott's Liquid Gold,*

*Inc.*, 589 F.2d 1225, 1231 (3d Cir. 1978) (". . . relief is only available if the plaintiff establishes

priority . . .").  For the reasons explained above, Plaintiff's federal registration does not change this

analysis.

The result is the same for Plaintiff's claim for trade dress infringement.  Plaintiff claims trade

dress protection for "a globe design with three (3) arrows," i.e., the only trade dress that Plaintiff

alleges has been infringed is the CITS GLOBE DESIGN.  Defendant has conclusively established its

priority in whatever trade dress rights might be associated with using the CITS GLOBE DESIGN.

As with the trademark claim, this priority is conclusive proof of Defendant's ownership and non-

infringement.  *See Fabrication Enters., Inc. v. Hygenic Corp.*, 64 F.3d 53, 61 n.9 (2d Cir. 1995)

("the first comer is entitled to the advantages of reputation and recognition achieved through use of

its trade dress in the market"); 2 *McCarthy* at § 16:1 ("At common law, ownership of trademark *or*

*trade dress* rights in the United States is obtained by actual use of a symbol to identify the goods or

services of one seller and distinguish them from those offered by others.") (emphasis added).

Indeed, Plaintiff's burden with respect to its trade dress claim is even more insurmountable than its

trademark infringement claim, because it would have to show that its alleged trade dress had

acquired secondary meaning before Defendant commenced its use of the trade dress.  *See PlaSmart,*

*Inc. v. Wincell Int'l, Inc.,* 442 F. Supp. 2d 53, 60-61 (S.D.N.Y. 2006).

DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, FOR SUMMARY JUDGMENT

1

     **5.**     **CITS USA is Entitled to Judgment as a Matter of Law on Plaintiff's State Unfair Competition Under California Business and Professions Code § 17200**

2

3

As Plaintiff cannot maintain its federal statutory claims, its state statutory unfair competition

4

claim must likewise fail.  In *Cleary v. News Corp.*, 30 F.3d 1255, 1262-1263 (9th Cir. 1994), the

5

district court granted summary judgment for defendants on plaintiffs' Lanham Act claim, and then

6

granted summary judgment for defendant on plaintiffs' claim for unfair competition pursuant to

7

California Business & Professions Code § 17200.  The court of appeal affirmed, noting that the

8

Ninth "Circuit has consistently held that state common law claims of unfair competition and actions

9

pursuant to California Business and Professions Code § 17200 are substantially congruent to claims

10

made under the Lanham Act."  *Id.* at 1262-1263; *see also Walker & Zanger, Inc. v. Paragon Indus.*,

11

465 F. Supp. 2d 956, 970 (N.D. Cal. 2006) ("In the Ninth Circuit, claims of unfair competition and

12

false advertising under state statutory and common law are 'substantially congruent' to claims made

13

under the Lanham Act.") (citation omitted).  For the same reasons, Plaintiff's claim under § 17200

14

should be dismissed here as well.

15

**IV.    CONCLUSION**

16

For all the foregoing reasons, CITS USA respectfully requests that this Court dismiss

17

Plaintiff's Complaint in its entirety.

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, FOR SUMMARY JUDGMENT

1    DATED:  March 31, 2008                    FINNEGAN, HENDERSON, FARABOW,
                                               GARRETT & DUNNER, LLP
2

3

4                                              By_____/s/ *Robert McCauley*_____
                                                   Robert F. McCauley (SBN:  162056)
5                                                  robert.mccauley@finnegan.com
                                                   Jin Zhang (SBN:  243880)
6                                                  jin.zhang@finnegan.com
                                                   FINNEGAN, HENDERSON, FARABOW,
7                                                     GARRETT & DUNNER, L.L.P.
                                                   3300 Hillview Ave
8                                                  Palo Alto, CA 94304
                                                   Telephone: (650) 849-6600
9                                                  Facsimile: (650) 849-6666

10                                                 Christopher P. Foley (not yet admitted *pro hac
                                                   vice*)
11                                                 Kenneth H. Leichter (not yet admitted *pro hac
                                                   vice*)
12                                                 FINNEGAN, HENDERSON, FARABOW,
                                                     GARRETT & DUNNER, L.L.P.
13                                                 901 New York Avenue, NW
                                                   Washington, DC 20001-4413
14                                                 Telephone: (202) 408-4000
                                                   Facsimile: (202) 408-4400
15

16                                                 Attorneys for Defendant China & Asia Travel
                                                   Service, Inc., d/b/a China International Travel
17                                                 Service

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S MOTION TO DISMISS OR, IN THE
                                               ALTERNATIVE, FOR SUMMARY JUDGMENT