1    Robert F. McCauley (SBN: 162056)
     robert.mccauley@finnegan.com
2    Jin Zhang (SBN: 243880)
     jin.zhang@finnegan.com
3    FINNEGAN, HENDERSON, FARABOW,
         GARRETT & DUNNER, L.L.P.
4    3300 Hillview Ave
5    Palo Alto, CA 94304
     Telephone: (650) 849-6600
6    Facsimile: (650) 849-6666

7    Christopher P. Foley (not yet admitted *pro hac vice*)
     Kenneth H. Leichter (not yet admitted *pro hac vice*)
8    FINNEGAN, HENDERSON, FARABOW,
         GARRETT & DUNNER, L.L.P.
9    901 New York Avenue, NW
10   Washington, DC 20001-4413
     Telephone: (202) 408-4000
11   Facsimile: (202) 408-4400

12   Attorneys for Defendant
13   CHINA & ASIA TRAVEL SERVICE, INC., D/B/A CHINA INTERNATIONAL TRAVEL
     SERVICE (USA)

14                        UNITED STATES DISTRICT COURT

15                      NORTHERN DISTRICT OF CALIFORNIA

16                          (SAN FRANCISCO DIVISION)

17

18   CHINA INTL TRAVEL SERVICES (USA),        CASE NO. 08-cv-01293 (MEJ)
     INC.,
19                                            **DEFENDANT CHINA
                    Plaintiff,                INTERNATIONAL TRAVEL SERVICE
20                                            (USA)'S ANSWER, DEFENSES AND
              v.                              COUNTERCLAIMS**
21
22   CHINA & ASIA TRAVEL SERVICE, INC.,       **JURY TRIAL DEMAND**
     D/B/A CHINA INTERNATIONAL TRAVEL
23   SERVICE (USA), and DOES 1-10, inclusive,

24                    Defendants.

25

26         Defendant/Counterclaim Plaintiff, China & Asia Travel Service, Inc., d/b/a China

27   International Travel Service (USA) ("Defendant" or "Counterclaim Plaintiff"), by and through its

28   undersigned counsel, hereby files and serves its Answer, Defenses, and Counterclaims to the

                                                      DEFENDANT'S ANSWER AND COUNTERCLAIMS

Complaint of Plaintiff China Int'l Travel Services (USA), Inc. ("Plaintiff" or "Counterclaim Defendant"), as follows:

As to the correspondingly numbered paragraphs of the Complaint:

1.     Plaintiff's allegation that its Complaint seeks damages and injunctive relief is an argument of law and/or conclusion of law, and Defendant is informed and believes that it is not required to plead in response thereto.  Defendant otherwise denies the remaining allegations of Paragraph 1, and in particular Plaintiff's allegations of infringement, false designation of origin, unfair competition, harm, and the right to any relief.  Defendants further deny that Plaintiffs has a trademark or protectable trade dress.

2.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 2, and therefore denies them.

3.     Admitted.

4.     Defendant admits that Plaintiff's Complaint purports to make claims for trademark infringement, trade dress infringement and unfair competition, and that federal jurisdiction for these claims is properly based in 28 U.S.C. § 1331, 28 U.S.C. § 1338(a) and (b), 15 U.S.C § 1121, and 28 U.S.C. § 1367, but Defendant denies those claims.

5.     Defendant admits that this Court has personal jurisdiction over Defendant and that venue is proper in the Northern District of California.  Defendant admits that it conducts business in this District.  Defendant denies the remaining allegations of Paragraph 5.

6.     Defendant admits that this action could properly be assigned to the San Francisco, Oakland, or San Jose Divisions of this Court, but otherwise denies the remaining allegations of Paragraph 6.

7.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 7, and therefore denies them.

8.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the first sentence of Paragraph 8, and therefore denies them. Defendant admits that the seven Chinese characters are a Chinese phrase meaning "China International Travel Services."  Defendant is without knowledge or information sufficient to form a

DEFENDANT'S ANSWER AND COUNTERCLAIMS

belief as to the truth or falsity of the remaining allegations of the second sentence of Paragraph 8, and therefore denies them.  Defendant admits that, according to the United States Patent and Trademark Office's ("PTO") online database, on July 19, 2007, the PTO issued Reg. No. 3,229,311 for the mark shown below for "travel agency services, namely making reservations and bookings for lodgings" in Class 45, and that the PTO online database shows Plaintiff as the owner of this Registration.  Defendant denies the remaining allegations of the third sentence Paragraph 8, including any inference that Plaintiff holds trademark rights in "CITS" or the seven Chinese characters based on the Registration or that the cited Registration was properly acquired.



9.      Defendant admits that, according to the United States Patent and Trademark Office's ("PTO") online database, Plaintiff filed Application Ser. No.  78/233,790, for "travel agency services, making reservations and bookings for travel," for the mark shown below, and that the PTO issued a "Notice of Allowance" on August 21, 2007.   Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 9, and therefore denies them.

10.      Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 10, and therefore denies them.

11.      Defendant admits that Exhibit 3 purports to show Plaintiff's use of a globe design with 3 arrows.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the first sentence of Paragraph 11, and therefore denies them.   Defendant denies the remaining allegations of Paragraph 11.

12.      Defendant admits that Defendant provides travel agency services for tourists traveling between mainland China and the United States.  Defendant is without knowledge or information

DEFENDANT'S ANSWER AND COUNTERCLAIMS

1    sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 12, and

2    therefore denies them.

3        13.    Defendant is without knowledge or information sufficient to form a belief as to the

4    truth or falsity of the allegations of Paragraph 13, and therefore denies them.

5        14.    Defendant is without knowledge or information sufficient to form a belief as to the

6    truth or falsity of the allegations of Paragraph 14, and therefore denies them.

7        15.    Defendant is without knowledge or information sufficient to form a belief as to the

8    truth or falsity of the allegations of Paragraph 15, and therefore denies them.

9        16.    Defendant is without knowledge or information sufficient to form a belief as to the

10    truth or falsity of the allegations of the first two sentences of Paragraph 16, and therefore denies

11    them.  Defendant admits that it is incorporated as China & Asia Travel Service, Inc.  Defendant

12    denies that it is a subsidiary of China International Travel Service Head Quarter.  Defendant admits

13    that it is a subsidiary of China International Travel Service Head Office.  Defendant admits that it

14    uses the CITS USA mark and that that name resembles the names CITS and USA CITS, but denies

15    the remaining allegations of the third sentence of Paragraph 16.  Defendant admits that it uses the

16    CITS mark and that it resembles Plaintiff's purported mark, but otherwise denies the remaining

17    allegations of the fourth sentence of Paragraph 16.  Defendant admits that it has used the trade names

18    CITS and CITS USA on its websites and marketing materials, but otherwise denies the allegations in

19    the fifth sentence of Paragraph 16.

20        17.    Defendant admits that it received the communication identified as Exhibit 5.  To the

21    extent Paragraph 17 purports to characterize the content of Exhibit 5, the letter speaks for itself, and

22    Defendant denies Plaintiff's characterization of same in its Complaint.  Defendant admits that in

23    November, 2007, there was a brief period when the seven Chinese characters identified in Paragraph

24    17 did not appear on its website's home page, but denies that this was in any way connected to the

25    communication marked as Exhibit 5, and denies that the seven Chinese characters were removed

26    from the entire website.  Defendant admits that it resumed using the seven Chinese characters.

27        18.    Denied.

28

1

## COUNT ONE - TRADEMARK INFRINGEMENT

2          19.    Defendant repeats and incorporates by reference its answers to Paragraphs 1 through

3    19.

4          20.    Defendant is without knowledge or information sufficient to form a belief as to the

5    truth or falsity of the allegations of Paragraph 20 regarding Plaintiff's use of its alleged trademarks,

6    and therefore denies them.  Defendant denies the remaining allegations of Paragraph 20.

7          21.    To the extent the allegations of Paragraph 21 are understood, they are denied.

8          22     Defendant admits the allegations in the first sentence of Paragraph  22.  Defendant

9    admits that it uses the seven Chinese characters identified in Paragraph 22 as part of its trade name.

10   Defendant denies the remaining allegations of Paragraph 22.

11         23.    Denied.

12         24.    Denied.

13                    ## COUNT TWO - TRADE DRESS INFRINGEMENT

14         25.    Defendant repeats and incorporates by reference its answers to Paragraphs 1 through

15   24.

16         26.    Defendant is without knowledge or information sufficient to form a belief as to the

17   truth or falsity of the allegations of the first two sentences of Paragraph 26, and therefore denies

18   them.   Defendant denies the remaining allegations of Paragraph 26.

19         27.    Denied.

20         28.    Denied.

21         29.    Denied.

22         30.    Denied.

23                  ## COUNT THREE - FALSE DESIGNATION OF ORIGIN

24         31.    Defendant repeats and incorporates by reference its answers to Paragraphs 1 through

25   30.

26         32.    Denied.

27         33.    Denied.

28         34.    Denied.

DEFENDANT'S ANSWER AND COUNTERCLAIMS

**COUNT FOUR - UNFAIR COMPETITION**

35.    Defendant repeats and incorporates by reference its answers to Paragraphs 1 through 34.

36.    Denied.

37.    Denied.

**COUNT FIVE - UNFAIR COMPETITION**

38.    Defendant repeats and incorporates by reference its answers to Paragraphs 1 through 37.

39.    Denied.

40.    Denied.

**AFFIRMATIVE DEFENSES**

41.    Plaintiff's Complaint fails to state a claim upon which relief may be granted.

42.    Plaintiff's claims are barred by the doctrine of unclean hands.

**PRAYER FOR RELIEF**

Defendant denies any wrongdoing and denies that Plaintiff has been damaged or is entitled to any relief, including that requested in the Prayer of Plaintiff's Complaint.

DEFENDANT'S ANSWER AND COUNTERCLAIMS

1

## COUNTERCLAIMS

2        Defendant/Counterclaim Plaintiff China & Asia Travel Service, Inc., d/b/a China

3    International Travel Service (USA) ("Counterclaim Plainitff") for its counterclaims against

4    Plaintiff/Counterclaim Defendant China Int'l Travel Services (USA) ("Counterclaim Defendant"),

5    Inc., alleges as follows:

6

### Nature of the Case

7        1.     Counterclaim Plaintiff China & Asia Travel Service, Inc., d/b/a China International

8    Travel Service (USA), brings counterclaims for trademark, service mark, and trade name

9    infringement and unfair competition arising under federal and state statutes and the common law.

10    Counterclaim Plaintiff  brings these counterclaims against Counterclaim Defendant because it has

11    recently become aware that Counterclaim Defendant is using an imitation of Counterclaim Plaintiff's

12    CITS GLOBE DESIGN, and the infringing names CITS, and USA CITS ("the Infringing Marks"),

13    as well as seven Chinese characters meaning "China International Travel Services," as part of its

14    name and marks for products and services that compete directly with Counterclaim Plaintiff's

15    products and services sold under its common law marks in the same geographic markets.

16    Counterclaim Defendant's Infringing Marks are for all practical purposes identical to the names and

17    marks Counterclaim Plaintiff has long used in the course of its business prior to any use by

18    Counterclaim Defendant, and Counterclaim Defendant's use of the Infringing Marks has caused, and

19    will continue to cause, actual confusion in the marketplace unless enjoined by this Court.

20

### Parties

21        2.     Counterclaim Plaintiff China & Asia Travel Service, Inc., d/b/a China International

22    Travel Service (USA), is a corporation of California, having a principal place of business at 16 N.

23    Marengo Ave., Suite 201, Pasadena, CA 91101.

24        3.     On information and belief, Counterclaim Defendant China Int'l Travel Services

25    (USA), Inc., is a corporation of California, located in San Francisco, with a former business address

26    of 110 Sutter St., Suite 518, San Francisco, CA 94104, and a mailing address of P.O. Box 16631,

27    San Francisco, CA 94116.

28

DEFENDANT'S ANSWER AND COUNTERCLAIMS

**Jurisdiction and Venue**

4.     This Court has jurisdiction over the subject matter of these counterclaims pursuant to 15 U.S.C. §§ 1064, 1119, 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391.

**Counterclaim Plaintiff's Products and Services**

6.     Counterclaim Plaintiff is a U.S. subsidiary of China International Travel Service Head Office ("CITS HO"), a corporation of The People's Republic of China.  CITS HO was founded in 1954.  It is China's largest and most influential tourism company and is the top brand-name in China's tourism industry.  It was the first industrial member of the World Tourism Organization in China and is the Chairman of the China Association of Travel Services.

7.     Counterclaim Plaintiff established its office in Los Angeles, CA, in 1991 and incorporated under the name China & Asia Travel Service, Inc.  It registered "China International Travel Service Headquarters (USA)" as a "doing business as" name in California in 1992 and registered "China International Travel Service (USA)" in 1997 as a "doing business as" name in California, and has renewed that name in 2002 and 2007 respectively.

8.     Counterclaim Plaintiff has customers from all over the United States.

9.     Counterclaim Plaintiff's efforts and accomplishments have made it a well-known and recognized name in the travel industry.  Counterclaim Plaintiff has earned its reputation as a result of its commitment to providing the highest quality goods and services.

10.     Counterclaim Plaintiff has been accredited by the Airlines Reporting Corporation since 1993 and the International Airlines Travel Agent Network since 1994.  It has been a member of the United States Tour Operators Association since 1999.  It has been a preferred visa services provider for The Consulate General of The People's Republic of China in Los Angeles since 1993.

**Counterclaim Plaintiff's Intellectual Property Rights**

11.     Counterclaim Plaintiff owns all right, title, and interest in the common law trademarks, services marks, and trade names CITS, CITS USA, and the CITS GLOBE DESIGN (the "CITS USA Name and Marks") for travel agency services, including tour packages, visa services, flight and hotel bookings, and bus tours.

DEFENDANT'S ANSWER AND COUNTERCLAIMS

11.     Counterclaim Plaintiff's parent company China International Travel Service Head Office has used the CITS name and CITS GLOBE DESIGN since the 1950s.

12.     Counterclaim Plaintiff has been using the CITS GLOBE DESIGN since at least as early as 1992.

13.     Counterclaim Plaintiff adopted the name CITS immediately upon establishing its business in Los Angeles at least as early as 1992.  Counterclaim Plaintiff adopted the name CITS USA at least as early as 1997.

14.     Counterclaim Plaintiff uses two versions of the CITS GLOBE DESIGN.  Both include the globe design with three arrows pointing right, with the name CITS above the arrows. The mark shown below has seven Chinese characters above CITS.  This mark was first used by Counterclaim Plaintiff in commerce in the United States in 1992 in connection with travel services, and has been in continuous use to the present.



15.     Since 1998, Counterclaim Plaintiff has maintained a travel website aimed at American customers at <http://www.citsusa.com>, that prominently displays a second version of the mark which is substantially similar but has four Chinese characters above CITS.  Counterclaim Plaintiff hosts other English language websites, such as <http://www.cits.cn/en/index.htm> and <http://www.cits.net/>, that also use the mark with four Chinese characters in connection with travel services (the marks alleged in Paragraphs 14 and 15 above are collectively referred to as the CITS GLOBE DESIGN):



16.     The seven Chinese characters and four Chinese characters used in the CITS GLOBE DESIGN both mean "China International Travel Services."

DEFENDANT'S ANSWER AND COUNTERCLAIMS

17.    Counterclaim Plaintiff has used the CITS USA Name and Marks in commerce in connection with travel services since long prior to any date of first use that may be claimed by Counterclaim Defendant and prior to any application filing dates that may be relied upon by Counterclaim Defendant.

18.    Through long and extensive use of the CITS USA Name and Marks, and substantial advertising and promotion, the marks have developed valuable goodwill.

### Counterclaim Defendant's Wrongful Acts

19.    Long after Counterclaim Plaintiff adopted its CITS USA Name and Marks, Counterclaim Defendant began using the confusingly similar names CITS, USA CITS, and an imitation of the CITS GLOBE DESIGN.

20.    Counterclaim Defendant uses the Infringing Marks in the course of its business in direct competition with Plaintiff.

21.    Counterclaim Defendant's use of the Infringing Marks has caused actual confusion in the market for the parties' products and services.  Counterclaim Plaintiff has been advised by customers that they have been confused into wrongly believing that Counterclaim Defendant and Counterclaim Plaintiff were one and the same company offering the same services.

22.    Counterclaim Defendant is listed as the owner of U.S. Registration No. 2,973,156 for the mark shown below for "travel agency services, namely, making reservations and bookings for lodgings," with a first claimed use date of March 1, 2003.  This registration issued from Application Serial No. 78/233,791, filed under Section 1(b), 15 U.S.C. § 1051(b), on April 3, 2003.



23.    Counterclaim Defendant has filed another intent to use Application Serial No. 78/233,790, for the mark shown below that is also an imitation of CITS USA's CITS GLOBE DESIGN mark, which includes the text "USA" above the CITS lettering and below the Chinese characters.

DEFENDANT'S ANSWER AND COUNTERCLAIMS



24.     On information and belief, Counterclaim Defendant appropriated the trade name "China Int'l Travel Services (USA)," which it used in its Application, after Counterclaim Plaintiff registered China International Travel Service (USA) as its "doing business as" name in California.

25.     On information and belief, Counterclaim Defendant's description of itself as "an oversea branch of a large Chinese travel enterprise" on its website at <http://www.usacits.com/china_EN/about.htm> is an attempt to falsely associate with Petitioners.

26.     On information and belief, Counterclaim Defendant intentionally chose the names CITS and USA CITS and used a clear imitation of Counterclaim Plaintiff's CITS GLOBE DESIGN mark as its logo to cause confusion between the two companies and trade on Counterclaim Plaintiff's goodwill in the U.S. travel market.

27.     On information and belief, on April 3, 2003, Counterclaim Defendant signed and filed Application Serial No. 78/233,791 to register an imitation of Counterclaim Plaintiff's CITS GLOBE DESIGN mark containing a verified declaration attesting that, as of the time of filing, Counterclaim Defendant was the owner of the mark and that no other person had the right to use the applied for mark in commerce, either in the identical form or in such near resemblance as to be likely, when applied to the goods or services of any other person, to cause confusion or mistake, or to deceive.

28.     On information and belief, when Counterclaim Defendant signed and filed Application Serial No. 78/233,791, it knew that Counterclaim Plaintiff had prior use of and superior rights in Counterclaim Plaintiff's CITS GLOBE DESIGN mark for the same and/or closely related services.

29.     On information and belief, when Counterclaim Defendant signed and filed Application Serial No. 78/233,791, Counterclaim Defendant knew that it did not own the CITS GLOBE DESIGN mark, that it did not have the exclusive right to use the mark in commerce in connection with the services set forth in the Application; and that it either believed that a likelihood

11

of confusion would result from the use and registration of the imitation CITS GLOBE DESIGN mark or had no reasonable basis for believing otherwise.

30.    On information and belief, Counterclaim Defendant made these knowingly false and misleading misstatements and/or omissions of material facts concerning its claim of ownership and exclusive right to use the mark with an intent to induce the PTO to grant a registration for the imitation CITS GLOBE DESIGN.

31.    On information and belief, the PTO relied on Counterclaim Defendant's false and misleading statements and/or omissions of material facts concerning its claim of ownership and exclusive right to use the mark in issuing U.S. Registration No. 2,973,156 for the imitation CITS GLOBE DESIGN.

32.    On information and belief, but for Counterclaim Defendant's knowingly false and misleading statements and/or omissions of material facts concerning its alleged ownership and exclusive right to use the mark, Counterclaim Defendant was not entitled to obtain and is not entitled to maintain U.S. Registration No. 2,973,156 for the imitation CITS GLOBE DESIGN.

33.    Counterclaim Defendant should not now be entitled to maintain its U.S. Registration No. 2,973,156 for the imitation CITS GLOBE DESIGN because it committed fraud on the PTO.

### Injury to Counterclaim Plaintiff and the Public

34.    Counterclaim Defendant's unauthorized use of Counterclaim Plaintiff's trademarks, service marks, and trade names has damaged and injured Counterclaim Plaintiff and, if permitted to continue, will further damage and injure Counterclaim Plaintiff, its trademarks, service marks, and trade names, and the reputation and goodwill associated with those marks and names.  Counterclaim Defendant's infringement of Counterclaim Plaintiff's marks may also injure Counterclaim Plaintiff's reputation for exceedingly high-quality services and products, and the public interest in being free from confusion.

35.    Counterclaim Defendant's actions are likely to cause confusion, mistake, or deception as to the source of origin of Counterclaim Defendant's products and services, and falsely suggest an endorsement, sponsorship, connection, license, or association of Counterclaim Defendant and its

1  goods and services with Counterclaim Plaintiff, thereby injuring Counterclaim Plaintiff and the

2  public.

3      36.    Counterclaim Defendant's actions are directed at consumers and potential consumers

4  of Counterclaim Plaintiff, are misleading in a material way, and irreparably injure the public and

5  Counterclaim Plaintiff.

**First Counterclaim
Federal Trademark Infringement, False Designation
of Origin, Passing Off, and Unfair Competition
Under Section 43(a)(1)(A) of the Lanham Act,
<u>15 U.S.C. § 1125(a)(1)(A)</u>**

9      37.    Counterclaim Plaintiff repeats and realleges each and every allegation set forth in

10  Paragraphs 1-36 of its Counterclaims.

11      38.    As alleged above, Counterclaim Defendant's actions are likely to cause confusion, or

12  to cause mistake, or to deceive as to the affiliation, connection, or association of Counterclaim

13  Defendant with Counterclaim Plaintiff, or as to the origin, sponsorship, or approval of Counterclaim

14  Defendant, its goods, and its commercial activities by or with Counterclaim Plaintiff (or vice versa),

15  and thus constitute trademark infringement of the unregistered marks CITS, CITS USA, and CITS

16  GLOBE DESIGN, and false designation of origin in violation of Section 43(a) of the Lanham Act,

17  15 U.S.C. § 1125(a)(1)(A).

18      39.    Counterclaim Defendant's actions described above have at all times relevant to this

19  action been willful and/or knowing.

20      40.    As a direct and proximate result of the actions of Counterclaim Defendant alleged

21  above, Counterclaim Plaintiff has been irreparable injured and has suffered monetary damages in an

22  as yet undetermined amount.

**Second Counterclaim
Statutory Unfair Competition
<u>California Business & Professions Code § 17200</u>**

25      41.    Counterclaim Plaintiff repeats and realleges each and every allegation set forth in

26  Paragraphs 1-40 of its Counterclaims.

27

28

DEFENDANT'S ANSWER AND COUNTERCLAIMS

42.    As alleged above, Counterclaim Defendant has engaged in unlawful, unfair and fraudulent business practices in violation of California law and Business & Professions Code § 17200 *et seq.*

43.    The actions of Counterclaim Defendant described above have at all times relevant to this action been willful and/or knowing.

44.    As a direct and proximate result of the actions of Counterclaim Defendant alleged above, Counterclaim Plaintiff has been damaged and will continue to be damaged.

45.    Pursuant to California Business and Professions Code § 17203, Counterclaim Plaintiff is entitled to preliminary and permanent injunctive relief, whereby Counterclaim Defendant is ordered to cease its unfair competition as described herein.

**Third Counterclaim**
**Deceptive Advertising**
**California Business & Professions Code § 17500**

45.    Counterclaim Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1-44 of its Counterclaims.

46.    As alleged above, Counterclaim Defendant's actions constitute assertions, representations, and statements of fact that are untrue, deceptive, and misleading, and are meant to deceive the public into visiting Counterclaim Defendant's website(s) and retail stores, and are a violation of California Business & Professions Code § 17500 *et seq.*

47.    The actions of Counterclaim Defendant described above have at all times relevant to this action been willful and/or knowing.

48.    As a direct and proximate result of the actions of Counterclaim Defendant alleged above, Counterclaim Plaintiff has been damaged and will continue to be damaged.

49.    Pursuant to California Business and Professions Code § 17535, Counterclaim Plaintiff is entitled to preliminary and permanent injunctive relief, whereby Counterclaim Defendant is ordered to cease its deceptive advertising as described herein.

DEFENDANT'S ANSWER AND COUNTERCLAIMS

**Fourth Counterclaim**
**Common Law Trademark Infringement, Unfair**
**Competition, Misappropriation**

50.    Counterclaim Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1-49 of its Counterclaims.

51.    As alleged above, Counterclaim Defendant's actions constitute common law trademark infringement, misappropriation of Counterclaim Plaintiff's goodwill, and unfair competition under California common law by reason of which Counterclaim Plaintiff has suffered, and will continue to suffer, irreparable injury.

52.    The actions of Counterclaim Defendant described above have at all times relevant to this action been willful and/or knowing.

53.    As a direct and proximate result of the actions of Counterclaim Defendant alleged above, Counterclaim Plaintiff has been irreparably injured and has suffered monetary damages in an as yet undetermined amount.

**Fifth Counterclaim**
**Cancellation of Registrations**
**Under 15 U.S.C. § 1119**
**Based On Prior Use**

54.    Counterclaim Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1-53 of its Counterclaims.

54.    As alleged above, Counterclaim Plaintiff began using its CITS USA Name and Marks, long prior to any date upon which Defendants can rely for their first use of or application to register the infringing marks.

56.    Counterclaim Plaintiff has been, and will continue to be, damaged by the registration of Counterclaim Defendant's infringing mark on the Principal Register of the United States Patent and Trademark Office as alleged herein.

57.    Based on Counterclaim Plaintiff's priority, U.S. Registration Nos. 2,973,156 for the mark CITS GLOBE DESIGN should be cancelled in its entirety pursuant to Sections 14 and 37 of the Lanham Act, 15 U.S.C. §§ 1064, 1119 and the application to register the CITS USA GLOBE DESIGN should be denied and abandoned.

DEFENDANT'S ANSWER AND COUNTERCLAIMS

**Sixth Counterclaim**
**Cancellation of Registrations**
**Under 15 U.S.C. § 1119**
**Based On Fraud**

58.  Counterclaim Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1-57 of its Counterclaims.

59.  As alleged above, Counterclaim Defendant obtained U.S. Registration No. 2,973,156 for the mark CITS GLOBE DESIGN fraudulently by virtue of the knowing, false, material claims it made regarding its exclusive right to use the marks in connection with the services set forth in their trademark applications.

60.  Based on Counterclaim Defendant's fraudulent actions, U.S. Registration No. 2,973,156 for the mark CITS GLOBE DESIGN should be cancelled pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119 and the application to register the CITS USA GLOBE DESIGN should be denied and abandoned.

**PRAYER FOR RELIEF**

Wherefore, Counterclaim Plaintiff requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief, including but not limited to the following:

A.  An injunction preliminarily and permanently enjoining Counterclaim Defendant and its employees, agents, partners, officers, directors, owners, shareholders, principals, subsidiaries, related companies, affiliates, distributors, dealers, and all persons in active concert or participation with any of them from using, registering, or otherwise exploiting the mark CITS GLOBE DESIGN, CITS, USA CITS, CITS USA, or any mark confusingly similar to the CITS USA Name and Marks;

B.  An order requiring Counterclaim Defendant to destroy and/or immediately retract all materials comprised of or containing the infringing name and marks;

C.  An order requiring Counterclaim Defendant to disseminate corrective advertising and to issue press releases to address the actual and likely confusion that it has caused by its wrongful use of the infringing name and marks;

DEFENDANT'S ANSWER AND COUNTERCLAIMS

D.     An order requiring Counterclaim Defendant to account for and pay to Counterclaim Plaintiff all profits arising from Counterclaim Defendant's unlawful acts, such profits to be increased pursuant to 15 U.S.C. § 1117 and other applicable laws;

E.     An order requiring Counterclaim Defendant to pay Counterclaim Plaintiff damages, in an amount to be determined at trial, but not less than $100,000, resulting from Counterclaim Defendant's unlawful acts, such damages to be trebled pursuant to 15 U.S.C. § 1117 and other applicable laws;

F.     An order requiring Counterclaim Defendant to pay Counterclaim Plaintiff's costs and attorneys' fees in this action, pursuant to 15 U.S.C. § 1117 and other applicable laws;

G.     An Order certified by this Court directing the Director of the U.S. Patent and Trademark Office to cancel U.S. Registration No. 2,973,156 for the marks CITS GLOBE DESIGN, in accordance with Sections 14 and 37 of the Lanham Act, 15 U.S.C. §§ 1064, 1119; and

H.     Such other and further relief as the Court may deem appropriate.

**<u>Jury Trial Demanded</u>**

Defendant and Counterclaim Plaintiff demands a trial on all issues triable by jury.


Respectfully submitted,


DATED:  March 31, 2008                    FINNEGAN, HENDERSON, FARABOW,
                                          GARRETT & DUNNER, LLP


                                          By_____/s/ *Robert McCauley*_____
                                             Robert F. McCauley (SBN:  162056)
                                             Jin Zhang (SBN:  243880)


                                          Attorneys for Defendant  China & Asia Travel
                                          Service, Inc., d/b/a China International Travel
                                          Service

DEFENDANT'S ANSWER AND COUNTERCLAIMS