IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHINA INTL TRAVEL SERVICES (USA), INC., <br><br>  Plaintiff, <br><br>   v. <br><br> CHINA & ASIA TRAVEL SERVICE, INC., ET AL., <br><br>  Defendant. | No. C 08-01293 JSW <br><br> **ORDER** |

This matter is currently set for hearing on August 29, 2008, on Defendant China & Asia Travel Service, Inc. d/b/a China International Travel Service (USA)'s motion to dismiss or in the alternative for summary judgment. On June 23, 2008, this Court issued an order requiring that an opposition brief be filed no later than July 7, 2008, and a reply brief be filed no later than July 14, 2008. The Court has not received Plaintiff's opposition to the motion to dismiss.

Also, on June 13, 2008, this Court approved a stipulation to substitute counsel for Plaintiff China Intl Travel Services (USA). The stipulation indicated that new counsel, Andy Yu, Plaintiff's general manager, would substitute in for former counsel, Danning Jiang.

On August 20, 2008, the Court received a notice indicating that Plaintiff had failed to oppose the pending motion and indicating that Mr. Yu is not in fact an attorney. The Court notes that "a corporation may appear in the federal courts only through licensed counsel." *See Rowland v. California Men's Colony,* 506 U.S. 194, 202 (1993); *see also* Civil Local Rule 3-9(b).

1    Plaintiff has an obligation to file an opposition to Defendant's motion to dismiss or, in
2 the alternative, for summary judgment and failure to do so may result in the **dismissal** of this
3 case with prejudice. A motion for summary judgment under Rule 56 of the Federal Rules of
4 Civil Procedure will, if granted, end Plaintiff's case. *See Rand v. Rowland*, 154 F.3d 952, 953-
5 54 (9th Cir. 1998) (en banc).

6    A principal purpose of the summary judgment procedure is to identify and dispose of
7 factually supported claims. *See Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). In
8 order to withstand a motion for summary judgment, the opposing party must set forth specific
9 facts showing that there is a genuine issue of material fact in dispute. Fed. R. Civ. P. 56(e). A
10 dispute about a material fact is genuine "if the evidence is such that a reasonable jury could
11 return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248
12 (1986). In the absence of such facts, "the moving party is entitled to a judgment as a matter of
13 law." *Celotex Corp*., 477 at 323. In opposing summary judgment, Settle is not entitled to rely
14 on the allegations of his complaint. *See* Fed. R. Civ. P. 56(e); *cf. S. A. Empresa de Viacao*
15 *Aerea Rio Grandense* (*Varig Airlines*) *v. Walter Kidde & Co.*, 690 F.2d 1235, 1238 (9th Cir.
16 1982) (stating that "a party cannot manufacture a genuine issue of material fact merely by
17 making assertions in its legal memoranda"). Rather, Settle's response must set forth specific
18 facts supported by admissible evidence, *i.e*., affidavits or certified deposition testimony,
19 showing that there is a genuine issue for trial. *See id.*; *see also Keenan v. Allan*, 91 F.3d 1275,
20 1279 (9th Cir. 1996) (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995),
21 and stating that it is not a district court's task to "scour the record in search of a genuine issue of
22 triable fact"). If summary judgment is granted, Plaintiff's case will be dismissed and there will
23 be no trial. *See Rand v. Rowland*, 154 F.3d at 953-54.

24    Plaintiff, a corporation, must be represented by counsel in order to proceed in this
25 matter. Therefore, the Court VACATES the hearing date of August 29, 2008 at 9:00 a.m. for
26 Defendant's motion to dismiss or, in the alternative, for summary judgment. However, in order
27 to clarify the status of this matter, the Court will still conduct the case management conference
28 on **August 29, 2008 at 1:30 p.m.** Mr. Andy Yu is HEREBY ORDERED to attend and must be

prepared to address whether he is in fact counsel for Plaintiff and must demonstrate good cause for his failure to oppose the pending motion.

**IT IS SO ORDERED.**

Dated: August 20, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE