1  Robert F. McCauley (SBN: 162056)
   robert.mccauley@finnegan.com
2  Jin Zhang (SBN: 243880)
   jin.zhang@finnegan.com
3  FINNEGAN, HENDERSON, FARABOW,
      GARRETT & DUNNER, L.L.P.
4  3300 Hillview Ave.
   Palo Alto, CA 94304
5  Telephone: (650) 849-6600
6  Facsimile: (650) 849-6666

7  Christopher P. Foley (not yet admitted *pro hac vice*)
   FINNEGAN, HENDERSON,
8   FARABOW, GARRETT & DUNNER, L.L.P
9  Two Freedom Square
   11955 Freedom Drive
10 Reston, VA  20190
   Telephone: (571) 203-2720
11 Facsimile: (202) 408-4400

12
   Kenneth H. Leichter (not yet admitted *pro hac vice*)
13 FINNEGAN, HENDERSON, FARABOW,
      GARRETT & DUNNER, L.L.P.
14 901 New York Avenue, NW
   Washington, DC 20001-4413
15 Telephone: (202) 408-4000
   Facsimile: (202) 408-4400
16

17 Attorneys for Defendant
   CHINA & ASIA TRAVEL SERVICE, INC.,
18 D/B/A CHINA INTERNATIONAL TRAVEL SERVICE (USA)

19                UNITED STATES DISTRICT COURT
20                NORTHERN DISTRICT OF CALIFORNIA
21                   SAN FRANCISCO DIVISION
22

| | |
|---|---|
| CHINA INTL TRAVEL SERVICES (USA), INC.,<br><br>Plaintiff,<br><br>v.<br><br>CHINA & ASIA TRAVEL SERVICE, INC., D/B/A CHINA INTERNATIONAL TRAVEL SERVICE (USA), and DOES 1-10, inclusive,<br><br>Defendant. | CASE NO. 08-cv-01293 JSW<br><br>**DEFENDANT CHINA & ASIA TRAVEL SERVICE, INC., D/B/A CHINA INTERNATIONAL TRAVEL SERVICE (USA)'S CASE MANAGEMENT STATEMENT** |

Pursuant to the Court's July 2, 2008 Order, Defendant/Counterclaim Plaintiff, China & Asia Travel Service, Inc., d/b/a China International Travel Service (USA) ("Defendant") submits its Case Management Statement. Because Plaintiff is apparently *pro se* and is not responding to, *inter alia,* counterclaims, motion practice, discovery, and various inquiries, this statement is not submitted jointly with Plaintiff pursuant to ¶ 5 of the Court's Civil Standing Order.

As detailed below, Plaintiff is currently without counsel and its identified representative in this litigation is Andy Yu, Plaintiff's General Manager and a non-lawyer. On June 12, 2008 Mr. Yu and his former counsel, Danning Jiang, filed "Plaintiff's Application for Substitution of Counsel and [Proposed] Order" purporting to replace Mr. Jiang with Mr. Yu as "counsel," while seeking sixty days to secure new counsel. On June 13, 2008 the Court signed Plaintiff's proposed Order to that effect. Mr. Yu reports that he has not secured new counsel and does not expect to retain counsel by the Case Management Conference on August 29, 2008.

## DESCRIPTION OF THE CASE

**1.    JURISDICTION AND SERVICE**

Jurisdiction is proper for Plaintiff's claims and Defendant's counterclaims under 15 U.S.C. §§ 1121, 1125(a), and 28 U.S.C. § 1338. Service is complete.

**2.    FACTS**

Defendant is a travel agency with an office in Pasadena, CA, which was established in 1991. It is a U.S. subsidiary of China International Travel Service Head Office ("CITS HO"), the largest travel organization in China. Defendant contends it is the owner of the trade names, service marks, and trademarks including CITS, CITS USA, and CITS GLOBE DESIGN ("the CITS marks") for its travel agency services. Defendant's parent company began using the CITS marks more than fifty years ago, and Defendant has used these marks throughout the United States since at least as early as 1992. In sum, Defendant's substantial and continuous use and ownership of these marks in the United States predates any use by Plaintiff.

Plaintiff is a travel agency currently located in San Francisco, CA, which was established by Mr. Yu in 2003, who upon information and belief was previously employed by one of Defendant's affiliates in China. After opening its San Francisco travel agency, Plaintiff obtained U.S.

1  Trademark Registration No. 2,973,156 for a CITS GLOBE DESIGN covering "travel agency
2  services, namely, making reservations and bookings for lodgings." More recently, Plaintiff
3  obtained U.S. Registration No. 3,442,139 (which at the time the Complaint and Counterclaims were
4  filed, was pending as U.S. Trademark Application Ser. 78/233,790) for a similar CITS USA
5  GLOBE DESIGN for the same services. In its complaint, Plaintiff alleges ownership of the CITS
6  and USA CITS marks, based on Registration No. 2,973,156. The Complaint alleges that
7  Defendant's use of the CITS marks constitutes trademark and trade dress infringement and unfair
8  competition.

9  Defendant denies the salient allegations in the Complaint and asserted Counterclaims
10 alleging that Plaintiff's use of its CITS marks constitutes trademark infringement and unfair
11 competition. Plaintiff has never replied to Defendant's Counterclaims and, accordingly, is now in
12 default. In addition to traditional injunctive and monetary relief, Defendant seeks a Court order
13 instructing the U.S. Patent and Trademark Office ("PTO") to cancel Plaintiff's trademark
14 registration set forth in the Complaint (Registration No. 2,973,156), as provided in Sections 14 and
15 37 of the Lanham Act, 15 U.S.C. §§ 1064 and 1119. Defendant also contemplates amending its
16 Counterclaims to seek cancellation of Registration No. 3,442,139.

17 The principal factual disputes in this case are the priority of use and scope of rights of the
18 parties' contested marks. In light of the Complaint's lack of recognition of the import of
19 Defendant's indisputable earlier use of the contested marks, it appeared to Defendant that Plaintiff
20 may have been operating under a misapprehension of the operative law or facts in this case. In
21 particular, it seemed that Plaintiff mistakenly believed that the United States follows the system that
22 governs in certain countries, like China, where rights in a trademark accrue exclusively through
23 registration. Accordingly, Defendant corresponded with Plaintiff's former counsel to attempt to
24 resolve these issues.

25 In a letter dated April 23, 2008, Defendant explained the basis for Defendant's assertion of
26 rights in the CITS marks, pointed out the differences in trademark law regarding the effect of use
27 versus registration in different countries, and attempted to ascertain the basis for Plaintiff's claims.
28 The letter attached a certificate from the China Trademark Association showing that Defendant's

CITS marks were deemed well-known in China as early as 1999 through use by Defendant's parent company.  Defendant, through its Motion to Dismiss, or In the Alternative, for Summary Judgment, previously provided Plaintiff with, among other things, excerpts from Defendant's website dating back to 1998 showing continuous use of the CITS marks for several years before Plaintiff existed. Plaintiff's counsel responded that he understood the relevant principles of U.S. trademark law but that Plaintiff's contentions were based on its belief that Defendant's use of its marks has been "very limited both chronologically and geographically."

Defendant responded with a second letter dated May 9, 2008, that provided Plaintiff with numerous invoices sent by Defendant to customers around the country from 1994 to the present. Each of the invoices prominently features CITS marks.  The letter also reiterated the importance of the evidence accompanying Defendant's Motion to Dismiss showing continuous use of the relevant marks on Defendant's website since 1998.  Plaintiff's counsel, Danning Jiang, withdrew from representing Plaintiff before responding.

### 3. LEGAL ISSUES

Procedurally, Plaintiff has not replied to Defendant's Counterclaims.  Accordingly, it is respectfully submitted that Plaintiff should be held in default.  Plaintiff also failed to respond to any discovery requests while represented by counsel (or thereafter).

With respect to the merits, there does not appear to be a dispute that confusion between the parties' respective marks is likely.  Thus, the primary legal issue is the rights that each party has in the CITS marks.  Defendant has argued that it has clear priority based on its nationwide use of the CITS marks as early as 1992.  In communication with Mr. Yu, it appears that Plaintiff's assertion of rights in the CITS marks is based on the registrations it obtained from the PTO, which the PTO granted without consideration of Defendant's longstanding prior use of the CITS marks.

### 4. PRIOR AND PENDING MOTIONS

On March 21, 2008, concurrently with its Answer and Counterclaims, Defendant filed a Motion to Dismiss or, In the Alternative, for Summary Judgment ("Motion") seeking dismissal of all Plaintiff's claims.  Shortly thereafter, Plaintiff's former counsel contacted Defendant's counsel and requested a stipulated extension to allow the parties to conduct discovery before further briefing

1  on the Motion. After negotiation, the parties agreed on a discovery schedule, due dates for
2  opposition and reply briefs, and a hearing date of July 31, 2008, for the Motion. The presiding
3  judge at that time, the Honorable Maria-Elena James, entered that schedule as a Court order on
4  April 10, 2008.
5      As the parties were proceeding pursuant to this schedule, on May 16, 2008, Plaintiff's
6  former counsel, Mr. Jiang, filed a motion, declaration, and proposed order seeking leave from the
7  Court to withdraw as counsel for Plaintiff.
8      On May 27, 2008, the case was reassigned to the Honorable Jeffrey S. White and the
9  previously noticed hearing date was vacated.
10     On June 12, 2008, Mr. Jiang and Mr. Yu filed "Plaintiff's Application for Substitution of
11 Counsel and [Proposed] Order" which purported to replace Mr. Jiang with Mr. Yu as "counsel" and
12 provided that Plaintiff have 60 days from the date of the order to secure new counsel.
13     On June 13, 2008, the Court entered the proposed Order. Sixty days from the date of the
14 order was August 12, 2008.
15     On June 20, 2008, Defendant re-noticed the hearing on its Motion for August 29, 2008.
16     On June 23, 2008, the Court entered an Order Setting Briefing Schedule which ordered that
17 an opposition brief be filed by July 7, 2008, and a reply brief by July 14, 2008. Plaintiff has not
18 filed an opposition to Defendant's Motion.
19     On August 6, 2008, Mr. Yu represented to Defendant's counsel that Plaintiff had not secured
20 counsel, and that he did not plan to retain new counsel by the Case Management Conference on
21 August 29, 2008.
22     On August 20, 2008, after an inquiry from the Deputy Clerk, Defendant filed a Notice
23 regarding Plaintiff's failure to oppose the Motion and advising the Court of the procedural posture
24 of this case.
25     On August 20, 2008, the Court entered an Order vacating the hearing on the Motion,
26 advising Plaintiff that it must be represented by counsel and of the consequences of an adverse
27 finding on Defendant's Motion, and ordering Mr. Yu to appear at the Case Management Conference
28

prepared to address whether he is in fact counsel for Plaintiff and to demonstrate good cause for his failure to oppose the pending Motion.

Defendant is filing a Request to Enter Default concurrently with this Statement, in view of Plaintiff's failure to respond to Defendant's Counterclaims.

**5.    AMENDMENT OF PLEADINGS**

When Defendant filed its Answer and Counterclaims, Plaintiff's Application Ser. No. 78/233,790 was still pending. On June 3, 2008, that application matured to U.S. Registration No. 3,442,139. Defendant contends that the mark shown in Registration No. 3,442,139 also infringes its marks, and thus, if necessary, will seek to amend its Counterclaims to seek cancellation of this registration as well.

**6.    EVIDENCE PRESERVATION**

Defendant has been advised not to destroy evidence relevant to the issues reasonably evident in this action.

**7.    DISCLOSURES**

Initial disclosures have not been made because of the modification to the schedule arising out of Plaintiff's delay in retaining new counsel.

**8.    DISCOVERY**

**8.1    Scope of Discovery Taken to Date**

Pursuant to the schedule entered by Judge James, document requests, interrogatories, and requests for admission were served by both parties on April 25, 2008, and Plaintiff served deposition notices on Defendant. Counsel for Plaintiff sought withdrawal on May 16, 2008, and at about that time, Mr. Jiang informed Defendant that Plaintiff did not plan to serve any response to Defendant's discovery requests. Therefore, Defendant served discovery responses on May 27, 2008, but objected to all requests on the grounds that it would be inequitable for Defendant to provide substantive discovery responses when Plaintiff refused to do so under the very discovery schedule requested by Plaintiff to begin with.[1] Nevertheless, as noted above, Defendant provided

---

[1] In its responses, Defendant stated, "On May 16, 2008, counsel for Plaintiff, Danning Jiang, filed a motion to withdraw as counsel for Plaintiff and requested that the Court allow Plaintiff a reasonable

many documents in an attempt to persuade Plaintiff that its Complaint lacked merit, as well as in conjunction with its Motion.  To date, Plaintiff has not responded to Defendant's interrogatories, document requests, or requests for admissions in any way.

**8.2    Scope of Anticipated Discovery**

Defendant has made substantial progress in collecting relevant documents and has already disclosed certain documents in its Motion and in correspondence with Plaintiff's former counsel. Defendant does know not what progress, if any, has been made by Plaintiff towards responding to Defendant's outstanding discovery requests, though it was served with discovery requests on April 25, 2008.

**8.3    Proposed Limitations or Modifications of the Discovery Rules**

Assuming the Court grants Defendant's Motion, there is little, if any, need for further discovery.  Accordingly, Defendant proposes a shortened pretrial schedule as set forth in paragraph 8.4.

**8.4    Proposed Discovery Plan Pursuant to Fed. R. Civ. P. 26(f)**

The fact that Plaintiff has not responded to Defendant's Motion, Defendant's Counterclaims, or Defendant's discovery requests, supports dismissal of this case with prejudice and grant of the further relief sought in Defendant's Motion and Counterclaims.  However, in the event the litigation moves forward, Defendant proposes the following schedule:

| | |
|---|---|
| Fact discovery complete: | October 1, 2008 |
| Expert reports: | November 1, 2008 |
| Rebuttal expert reports: | December 1, 2008 |
| Expert discovery complete: | December 15, 2008 |
| Case-dispositive motions due: | February 1, 2009 |

---

amount of time to secure new counsel. Defendant understands from Mr. Jiang that Plaintiff does not intend to produce responses to Defendant's discovery requests by the stipulated date of May 27, 2008. It would be inequitable to Defendant to expend the effort and expense of preparing substantive discovery responses when none will be served by Plaintiff. As such, at this time, Defendant objects to providing substantive responses to Plaintiffs' discovery requests. Defendant will promptly provide substantive responses, as appropriate and subject to its objections, at a future date as may be agreed upon by the parties or as may be directed by the court."

|   |   |   |
|---|---|---|
| | Final pre-trial conference: | March 9, 2009 |
| | Trial: | March 16, 2009 |

**9.    CLASS ACTION**

This is not a class action case.

**10.    RELATED CASES**

There are no "related" cases pending in this district (as the term is defined in the local rules). By way of background, however, on January 23, 2008, Defendant, along with its parent company, filed a Cancellation Petition in the PTO, seeking to cancel Plaintiff's U.S. Trademark Registration No. 2,973,156. That Petition alleges priority in the CITS GLOBE DESIGN and alleges that Plaintiff committed fraud on the PTO. That action is stayed pending the outcome of this civil action. Defendant's Counterclaims seek the same relief as the Cancellation Petition.

Defendant first became aware of Plaintiff when Defendant's parent company, CITS HO, encountered Plaintiff (and its use of the CITS marks) at a trade show in China. CITS HO initiated a civil action in China against Plaintiff based on Plaintiff's wrongful use of the CITS marks there. It was during this action that CITS HO, and in turn Defendant, learned of Plaintiff's U.S. trademark registration and application, which led to the filing of the Cancellation Petition by Defendant.

**11.    RELIEF**

Defendant's Motion, Answer, and Counterclaims ask this Court to enter judgment in its favor, dismiss all claims brought by Plaintiff, and award Defendant injunctive relief, Defendant's profits, damages, costs and fees, and an order cancelling Plaintiff's U.S. Reg. No. 2,973,156. Defendant will also amend its Counterclaims to seek cancellation of newly issued Registration No. 3,442,139.

**12.    SETTLEMENT AND ADR**

Defendant has always believed that the complaint brought by Plaintiff is entirely without merit and has always been open to ADR. Because Plaintiff has effectively lacked legal representation since May 16, 2008, however, the parties have not been able to engage in settlement discussions or ADR.

**13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties have already declined to proceed before a Magistrate Judge.

**14.    OTHER REFERENCES**

None.

**15.    NARROWING OF ISSUES**

Defendant's outstanding and concurrently-filed motions narrow the issues for consideration by the Court and no discovery is required.

**16.    EXPEDITED SCHEDULE**

Defendant believes this case is appropriate for handling on an expedited basis given Plaintiff's default.

**17.    TRIAL**

Plaintiff's Complaint and Defendant's Counterclaims requested that this case be tried to a jury. Defendant expects that a trial may last three days.

**18.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Defendant's parent, CITS HO, is an interested entity.

DATED: August 22, 2008                FINNEGAN, HENDERSON, FARABOW,
                                      GARRETT & DUNNER, LLP


By         /s/ *Robert McCauley*
    Robert F. McCauley (SBN: 162056)
    robert.mccauley@finnegan.com
    Jin Zhang (SBN: 243880)
    jin.zhang@finnegan.com
    FINNEGAN, HENDERSON, FARABOW,
      GARRETT & DUNNER, L.L.P.
    3300 Hillview Ave
    Palo Alto, CA 94304
    Telephone: (650) 849-6600
    Facsimile: (650) 849-6666

    Attorneys for Defendant China & Asia Travel
    Service, Inc., d/b/a China International Travel
    Service