IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHINA INTL TRAVEL SERVICES (USA), INC.,

Plaintiff,

v.

CHINA & ASIA TRAVEL SERVICE, INC., ET AL.,

Defendant.

No. C 08-01293 JSW

**ORDER SETTING ASIDE ENTRY OF DEFAULT**

Now before the Court is the motion for relief from entry of default filed by plaintiff and cross-defendant China International Travel Services, Inc. Having carefully reviewed the parties' papers, and good cause appearing, the Court hereby GRANTS Plaintiff's motion for relief from entry of default.

**BACKGROUND**

On October 2, 2008, default was entered against Plaintiff. By letter, Plaintiff now moves for relief from entry of default. By letter dated January 6, 2009, defendant and counterclaim plaintiff opposes.

**ANALYSIS**

**A.    Legal Standard**

Pursuant to Federal Rule of Civil Procedure 55(c), a court may set aside an entry of default for "good cause shown." In general, a more lenient standard is applied when determining whether to set aside an entry of default than is applied to vacating a default

1 judgment.  *See Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir.1986) (per
2 curiam) ("The court's discretion is especially broad where . . . it is entry of default that is being
3 set aside, rather than a default judgment").  When exercising its discretion under Rule 55, the
4 court's "underlying concern . . . is to determine whether there is some possibility that the
5 outcome of the suit after a full trial will be contrary to the result achieved by the default."
6 *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986).  The overriding
7 judicial goal of deciding cases correctly, on the basis of their legal and factual merits, is to be
8 balanced out with the interests of both litigants and the courts in the finality of judgments.  *See*
9 *Pena v. Seguros La Comerical*, 770 F.2d 811, 814 (9th Cir. 1985).

10 **B.     Plaintiff's Motion.**

11 The Court considers the following factors when deciding whether to set aside the entry
12 of default: (1) whether the party's culpable conduct led to the default; (2) whether the party has
13 a meritorious defense; and (3) whether reopening the default would prejudice the opposing
14 party.  *See TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001).  The party
15 seeking to invoke Rule 55(c) bears the burden of demonstrating that these factors favor setting
16 aside the default.  *Id*.

17 The Court finds that Plaintiff's conduct was the result of a failure to obtain legal counsel
18 and to appreciate the import of the legal proceedings due to lack of legal sophistication as well
19 as language difficulty.  Although Plaintiff was certainly unresponsive, it does not appear that he
20 *intentionally* failed to answer.  *See TCI Group Life* ("The usual articulation of the governing
21 standard, oft repeated in our cases, is that a defendant's conduct is culpable if he has received
22 actual or constructive notice of the filing of the action and *intentionally* failed to answer.")
23 (internal quotes and citation omitted) (emphasis in original).  The Court finds that Defendant
24 would not be prejudiced by reopening the default and adjudicating this case on the merits.
25 Therefore, the Court GRANTS Plaintiff's motion for relief from entry of default.  The Court
26 also DENIES Defendant's motion for entry of default judgment as moot.

27 However, because Plaintiff may not continue to appear *pro se* and the Court has set an
28 earlier deadline to obtain counsel, the Court finds it appropriate to set a final deadline to obtain

2

counsel and to conduct a case management conference in this matter. Therefore, Plaintiff must obtain counsel by no later than February 20, 2009 and the Court sets a further case management conference for March 20, 2009 at 1:30 p.m. The joint case management statement shall be filed no later than March 13, 2009.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion for relief from entry of default and sets a case management conference for March 20, 2009 where Plaintiff shall be represented by counsel. The Court intends to address the outstanding motions at that case management conference and to set firm deadlines. If counsel fails to appear, Plaintiff's affirmative case shall be dismissed for failure to prosecute and Defendant is invited to file a motion for entry of default, as well as a renewed motion for entry of default judgment which shall automatically be referred to Magistrate Maria-Elena James for a report and recommendation.

**IT IS SO ORDERED.**

Dated: January 7, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE