UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| CHINA INTL TRAVEL SERVICES (USA), INC., <br><br> Plaintiff, <br><br> v. <br><br> CHINA & ASIA TRAVEL SERVICE, INC., D/B/A CHINA INTERNATIONAL TRAVEL SERVICE (USA), and DOES 1-10, inclusive, <br><br> Defendant. | CASE NO. 08-cv-01293 JSW (MEJ) <br><br> **CONSENT ORDER** |

In order to resolve all matters filed on behalf of Plaintiff/Counterclaim Defendant CHINA INTL TRAVEL SERVICES (USA), INC. ("Counterclaim Defendant") and Defendant/Counterclaim Plaintiff CHINA & ASIA TRAVEL SERVICE, INC. D/B/A/ CHINA INTERNATIONAL TRAVEL SERVICE (USA) ("Counterclaim Plaintiff" or "CITS USA"), and in order to resolve all outstanding issues and differences between the respective parties, Counterclaim Plaintiff, through its counsel, and Counterclaim Defendant, through its General Manager, Jun "Andy" Yu, stipulate and agree that the following findings of fact, conclusions of law, judgment and decree may, without contest or appeal, be entered pursuant to the Federal Rules of Civil Procedure as the final judgment, decree and order of the Court.

**FINDINGS OF FACT**

1. On September 3, 2008, Counterclaim Plaintiff filed Amended Counterclaims seeking injunctive relief, cancellation of Counterclaim Defendant's federal trademark registrations, damages, and attorneys' fees and costs. The Amended Counterclaims allege, *inter alia*, trademark, service mark, and tradename infringement under 15 U.S.C. § 1125(a).

2. Counterclaim Plaintiff is a branch office and subsidiary of China International Travel Service Head Office ("CITS HO"). CITS HO is a Chinese corporation that was founded in 1954. It is China's largest and most influential tourism company and is the top brand-name in China's

tourism industry. CITS HO has used the CITS name and CITS GLOBE DESIGN logo ("the CITS marks") since the 1950s.

3. Counterclaim Plaintiff established its office in Los Angeles, CA, in December, 1991 and incorporated under the name China & Asia Travel Service, Inc. It registered "China International Travel Service Headquarters (USA)" as a "doing business as" name in California in 1992 and registered "China International Travel Service (USA)" as a "doing business as" name in California in 1997, and renewed that name in 2002 and 2007 respectively.

4. Counterclaim Plaintiff is a full service travel agency and tourism business, which has been well established in the United States for over sixteen years. It offers flight and hotel bookings, visa services, and tour packages for American tourists visiting China.

5. Counterclaim Plaintiff has advertised extensively and has operated a website located at www.citsusa.com since 1998.

6. Counterclaim Plaintiff has customers from all over the United States and has used the CITS name and CITS GLOBE DESIGN logo in extensive promotion on its website and elsewhere to attract a loyal, national customer base.

7. Counterclaim Plaintiff owns all right, title, and interest in the common law trademarks, services marks, and trade names CHINA INTERNATIONAL TRAVEL SERVICES, CITS, CITS USA, and the CITS GLOBE DESIGN (the "CITS USA Name and Marks") for travel agency services, including tour packages, visa services, flight and hotel bookings, and bus tours. Counterclaim Plaintiff has made trademark use of the name CITS to identify its business and services, and has used the CITS GLOBE DESIGN as its logo, since its inception. Counterclaim Plaintiff has made trademark use of the mark CITS USA for years as well.

8. Counterclaim Plaintiff uses two versions of the CITS GLOBE DESIGN. Both include the globe design with three arrows pointing right, with the name CITS above the arrows. The original mark has seven Chinese characters above CITS:



9. This mark was first used by Counterclaim Plaintiff in commerce in the United States in 1992, and has been used continuously since that time. For instance, Defendant used the seven character CITS GLOBE DESIGN for its travel services on the company's letterhead at least as early as March 20, 1992, and placed an advertisement which featured the seven character mark in the *New York Times* in 1993.

10. Since 1998, Counterclaim Plaintiff has maintained a travel website aimed at American customers at http://www.citsusa.com, that has consistently featured the CITS USA Name and Marks to offer and promote Counterclaim Defendant's services. That site now prominently displays a version of the mark having four Chinese characters above CITS. Counterclaim Plaintiff hosts other English language websites, such as http://www.cits.cn/en/index.htm and http://www.cits.net, that also display the mark with four Chinese characters:



11. The seven Chinese characters and four Chinese characters used in the CITS GLOBE DESIGN mean the same thing; namely, "China International Travel Services." In other words, both the four and seven character terms correspond to the words identified by the acronym CITS.

12. Counterclaim Defendant, which was not established until 2003, competes with Counterclaim Plaintiff in the tourism industry.

13. Almost immediately upon establishing its business, Counterclaim Defendant began misappropriating Counterclaim Plaintiff and CITS HO's intellectual property by using imitations of

CONSENT ORDER
CASE NO. 08-CV-01293 JSW (MEJ)

Counterclaim Plaintiff's CITS GLOBE DESIGN, and the names CITS and USA CITS in the United States ("the Infringing Marks").

14. In 2003, Counterclaim Defendant (through its General Manager, Jun "Andy" Yu) applied to register imitations of the CITS GLOBE DESIGN in the U.S. ("the Infringing Marks"). Despite its clear knowledge of Counterclaim Plaintiff and CITS HO's use of the CITS GLOBE DESIGN, Counterclaim Defendant swore that as of the time of filing, it was the owner of the mark and that "no other person had the right to use the applied for mark in commerce, either in the identical form or in such near resemblance as to be likely, when applied to the goods or services of any other person, to cause confusion or mistake, or to deceive," which is required to register a mark. *See* 37 CFR 2.33.

15. Because of this representation, Counterclaim Defendant was granted U.S. Registration No. 2,973,156 for the mark shown below for "travel agency services, namely, making reservations and bookings for lodgings," with a first claimed use date of March 1, 2003. This registration issued from Application Serial No. 78/233,791, filed under Section 1(b), 15 U.S.C. § 1051(b), on April 3, 2003.

16. Counterclaim Defendant filed another application for the mark shown below that also is nearly identical to Counterclaim Plaintiff's CITS GLOBE DESIGN logo, which includes the text "USA" above the CITS lettering and below the Chinese characters. Counterclaim Defendant was granted U.S. Registration No. 3,442,139 for the mark shown below for "travel agency services, namely, making reservations and bookings for lodgings," with a first claimed use date of April 5, 2003. This registration issued from Application Serial No. 78/233,790, filed under Section 1(b), 15 U.S.C. § 1051(b), on April 3, 2003.



17. Counterclaim Defendant has filed two U.S. trademark applications, Ser. Nos. 77/412,413 and 77/412,423, for CITS with a globe design.

18. Counterclaim Defendant has registered the domain name www.usacits.com, on which it uses the imitation CITS GLOBE DESIGN.

19. Counterclaim Defendant has taken additional actions to associate itself with CITS USA and CITS HO, such as describing itself as "an oversea branch of a large Chinese travel enterprise" on its website at http://www.usacits.com/china_EN/about.htm, an allusion to CITS HO.

20. Customers have been misled by Counterclaim Defendant's efforts to associate itself with CITS USA.

21. Counterclaim Defendant filed its Complaint in this action on March 5, 2008, alleging, *inter alia*, trademark and trade dress infringement by Counterclaim Plaintiff.

22. Counterclaim Plaintiff filed and served its Answer and Counterclaims on March 31, 2008. On March 31, 2008, concurrently with its Answer and Counterclaims, Counterclaim Plaintiff filed a Motion to Dismiss or, in the Alternative, for Summary Judgment ("Motion to Dismiss"), with supporting declarations, seeking dismissal of all Counterclaim Defendant's claims.

23. Counterclaim Defendant is not an infant or incompetent person and is not in the military or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940.

24. The Court as personal jurisdiction over Counterclaim Defendant because it has conducted business and resides in this jurisdiction. Subject matter jurisdiction exists pursuant to 15 U.S.C. §§ 1064, 1119, 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

## CONCLUSIONS OF LAW

1. Section 43(a) of the Lanham Act prohibits the use of a mark (registered or unregistered) that "is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person." 15 U.S.C. § 1125(a).

2. Counterclaim Plaintiff owns valid and protectable trademark rights in the CITS USA name and marks, and Counterclaim Defendant's activities are likely to cause confusion among

consumers through use of its similar name and marks. *Brookfield Commc'ns, Inc. v. West Coast Entm't Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999). More specifically, Counterclaim Defendant has appropriated the CITS acronym and CITS GLOBE DESIGN trademarks in their entirety, and its addition of "USA" in slightly different configurations does nothing to dispel the likelihood of confusion. Further, Counterclaim Defendant is using the infringing marks in direct competition with Counterclaim Plaintiff, and such use of the Infringing Marks has caused actual confusion in the marketplace..

3. Counterclaim Plaintiff seeks cancellation of Counterclaim Defendant's federal trademark registrations. This Court has authority to order the cancellation of a trademark registration when warranted pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119. That section provides that:

> In any action involving a registered mark the court may determine the right to registration, order the cancellation of registrations, in whole or in part, restore cancelled registrations, and otherwise rectify the register with respect to the registrations of any party to the action. Decrees and orders shall be certified by the court to the Commissioner, who shall make appropriate entry upon the records of the Patent and Trademark Office, and shall be controlled thereby.

Counterclaim Plaintiff has shown prior use of the CITS USA Name and Marks for the same services offered by Counterclaim Defendant. Thus, the marks are ripe for cancellation. *See Central Mfg. Co. v. Brett*, 78 U.S.P.Q.2d 1662, 1675-76 (N.D. Ill. 2005) (cancellation of plaintiff's registration was ordered by the court under Lanham Act §2(d) because defendant-counterclaimant proved its prior use of the same mark on the same goods), *aff'd*, 492 F.3d 876 (7th Cir. 2007). Furthermore, Counterclaim Defendant misled the PTO in seeking its registrations for these marks. Therefore, Counterclaim Defendant's registrations should be cancelled because they were obtained fraudulently. *See* 15 U.S.C. § 1064(d).

4. The Lanham Act provides that a court may grant injunctive relief in favor of a trademark owner to prevent further acts of infringement. 15 U.S.C. § 1116(a). The Ninth Circuit has held that "[i]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988); *Levi*

*Strauss*, 2007 U.S. Dist. LEXIS 31355, at *14 ("injunctive relief is available in the default judgment setting.") An "injunction is appropriate because it will best serve to protect [Counterclaim Plaintiff] from the risk of continuing irreparable harm," *id.*, and it is proper for the Court to enjoin Counterclaim Defendant's use and further attempts to register the Infringing Marks and any other confusingly similar trade names, trademarks, or service marks.

Based on the foregoing Findings of Fact and Conclusions of Law, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. That Counterclaim Defendant, its employees, agents, officers, directors, shareholders, subsidiaries, related companies, affiliates, distributors, dealers, licensees, and all persons in active concert or participation with any of them who receive actual notice of the Order by personal service or otherwise are PERMANENTLY ENJOINED, effective forty-five (45) days following the date of this Order:

   A. From using, seeking to register, or otherwise appropriating in any language the trademarks, service marks, or trade names CITS, USA CITS, CITS USA, CHINA INTL TRAVEL SERVICES (USA), INC., CHINA INTL TRAVEL SERVICES (USA), INC. HANGZHOU OFFICE, CHINA INTERNATIONAL TRAVEL SERVICES (USA), or the CITS GLOBE DESIGN, any name or mark containing the CITS mark, or any name or mark that is a colorable imitation or confusingly similar to the CITS mark ("Prohibited Names"), in any manner likely to cause confusion with the CITS USA Name and Marks, including but not limited to use as or as part of an e-mail address, domain name, URL, trademark, corporate name, business name, trade name, metatag, or other identifier; and

   B. From representing by any means whatsoever, directly or indirectly, that Counterclaim Defendant, any websites of Counterclaim Defendant, any products or services offered by Counterclaim Defendant, or any activities undertaken by or sponsored by Counterclaim Defendant, emanate from or are associated or connected in any way with CITS USA.

2. Within fifteen (15) days after the issuance of the Order, Counterclaim Defendant shall deliver to CITS USA for destruction all advertising and promotional materials, stationery, invoices, purchase orders, forms and other printed materials and things that bear any Prohibited Names.

3. Counterclaim Defendant shall immediately stop, cancel, and discontinue all previously purchased advertising containing any Prohibited Names.

4. Counterclaim Defendant shall cause to be abandoned, cancelled, deleted and withdrawn any domain name owned or controlled by said Counterclaim Defendant which incorporates any Prohibited Names;

5. Counterclaim Defendant shall cause to be abandoned, canceled, deleted and withdrawn, with prejudice, any U.S., State or U.S. territorial trademark or service mark application or registration or other reservation of rights filed, owned, or controlled by said Counterclaim Defendant, incorporating the Prohibited Names.

6. Counterclaim Defendant shall file with this Court and serve on CITS USA's attorneys, thirty (30) days after the date of entry of the Order, a report in writing and under oath setting forth in detail the manner and form in which it has complied with all of the terms of the Order.

7. All claims set forth in this action are hereby dismissed with prejudice as to both parties and each party shall bear its own costs, expenses, and attorneys' fees.

8. The terms of this Consent Order shall be enforceable against Counterclaim Defendant, its General Manager (Jun "Andy" Yu), its officers and their successors in interest and assigns.

Dated: __March 10__, 2009

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

*[APPROVED stamp: Jeffrey S. White, Judge Jeffrey S. White]*

APPROVED AND CONSENTED
AS TO FORM AND SUBSTANCE

_____
JUN "ANDY" YU, General Manager for
Counterclaim Defendant

*/s/ Christopher P. Foley*
_____
CHRISTOPHER P. FOLEY
Attorney for Counterclaim Plaintiff